## VAN REYNEGAN *v.* REVALK *et al.*

Where, after judgment of foreclosure had been taken in an action against the husband
solely, on a mortgage on the homestead premises, executed by him alone, the husband
and wife joined in a mortgage to a third party : *Held,* that the foreclosure bound no
one as to the homestead, and that the second mortgage was absolute as against the
homestead.
The wife's decease before the second mortgage was recorded, does not impair it as
against a void mortgage.
The cases of Revalk *v.* Kraemer, and Dorsey *v.* McFarland, affirmed.

APPEAL from the District Court of the Fourth Judicial District.

John Revalk, one of the defendants, was the owner of certain
premises, and while thus the owner, was married in September,
1854.   He and his wife resided upon the premises from the time
of their marriage until her death.   On the eleventh of Decem-
ber, 1854, John Revalk, *alone,* executed a mortgage to defendants,
Kraemer and Eisenhardt, for four thousand dollars.   K. and E.
instituted proceedings in the District Court against John Revalk,
to foreclose the mortgage, and on the seventeenth of June, 1856,

obtained a decree for the sale of the mortgaged premises, except a portion set apart by the Court, upon the application of John Revalk, as a homestead. Pixley and Smith were attorneys for John Revalk in that action. After the decree was entered, and on the ninth of July, 1856, John Revalk and wife executed a mortgage to Pixley and Smith for one thousand dollars, upon the property decreed to be sold. Mrs. Revalk died on the tenth of October, 1856, and the mortgage of Pixley and Smith was recorded on the eleventh. Pixley and Smith assigned this mortgage to plaintiffs on the seventh of January, 1857, and this suit was brought to foreclose the same. John Revalk made no defence; but defendants, Kraemer and Eisenhardt, whose mortgage was recorded on the day of its date, appeared, and claimed a priority for their mortgage over that of plaintiff. The Court decreed that the mortgage to Kraemer and Eisenhardt had priority, and the plaintiff appealed.

*Pixley & Smith* for Appellant.

*Sidney V. Smith* for Respondents.

Burnett, J., after stating the facts, delivered the opinion of the Court—Murray, C. J., concurring.

The questions arising in this case have been decided by this Court in the cases of John Revalk and wife v. Kraemer et al., July, 1857, and of Dorsey v. McFarland and Downey, April, 1857.

The property being the homestead, the mortgage to Kraemer and Eisenhardt was void, and could not be rendered valid by the subsequent death of the wife. The proceedings in the case of Kraemer and Eisenhardt, in the Twelfth District Court, did not bind either Revalk or his wife, as to their right of homestead. They had the right to mortgage or sell in the same way as if those proceedings had not been instituted. Pixley and Smith had a right to take their mortgage. Their failure to record until after the death of Mrs. R., could, in no wise, impair their rights as against a void mortgage.

The judgment of the Court below is reversed, and that Court will enter a decree for the plaintiff.