## COOK v. KLINK et al.

A motion to dismiss appeal, on the ground that the transcript was not filed within the time required by the third rule of this Court, is too late after the case has been submitted.

The homestead right is not affected by the foreclosure of a mortgage signed by the husband alone.

The homestead right cannot be tried on a motion to set aside a sale under the mortgage. The husband and wife should have filed a cross bill in the foreclosure suit, or brought an ejectment-suit for the property.

The homestead right cannot be individually asserted; both parties must join.

APPEAL from the District Court of the Eighth Judicial District, County of Siskiyou.

A. S. Cook, the plaintiff in this case, filed his bill against the defendant Klink, to foreclose a mortgage, and made various incumbrancers parties thereto. On the twentieth of January, 1855, a decree of foreclosure was granted, and the mortgaged premises ordered sold. On the twenty-first of February, 1855, the premises were sold under the decree, the appellants in this case becoming the purchasers thereof. On the sixth of September, 1855, during the August Term of the Court, Klink gave notice to the appellants and others, of a motion to annul and set aside the decree and sale, on the ground that it was his homestead. On the thirteenth of September, 1855, the motion was heard. At the hearing thereof, Klink used as evidence, an application made by him on the sixth of February, 1855, for the benefit of the Insolvent Law, and the usual order made thereupon by the Court, staying all proceedings against the insolvent petitioner.

The Court below, at this hearing, found that the property was the homestead of Klink; that it was not worth the sum of five thousand dollars; that his wife did not join in the execution of

the mortgages on which the order of sale was based, and finally annulled and declared void the sale, and ordered that the appellants, on being served with a copy of the order, deliver up the possession of the premises to said Klink.

It was from this order of the Court that this appeal was taken.

*Cartter & Hartley, and S. Heydenfeldt,* for Appellants.

Cohen & Silverstein have appealed, first, upon the ground that the final judgment or decree of the Court cannot be amended, altered, or a new judgment entered, after the expiration of the term at which the same was entered. White and wife *v.* Williams, Oct. Term, 1856. In this case, the final decree of foreclosure and sale being entered on the tenth day of January, 1855, and the motion for the setting aside the sale not made until nearly eight months after, the respondent will claim that the order staying all proceedings on behalf of the creditors, against said Klink, in his application for the benefit of the Insolvent Law, which was made by the Judge, on the sixth day of February, 1855, also stayed all further proceedings under the order of sale.

This Court, in the case of Morrison *v.* Dapman *et al.,* 3 Cal., 256, uses the following language: " A Court may at any time render or annul a judgment, *nunc pro tunc,* but this power is confined to cases where the record discloses that the entry on the minutes does not correctly give what was the judgment of the Court;" also, " although a Court may thus at any time make the entry conform to what was the judgment rendered, it will not be permitted after the lapse of a term, to open on motion and render a new judgment, such a practice is too loose, and would give rise to much uncertainty."

In the case at bar, it is not contended by the respondents, that the decree is not the decree of the Court, as by it pronounced, and that it follows the prayer of the complaint in this instance is proof that the decree was such a one as the Court intended, and did pronounce the record, in every respect, supporting the decree; hence, under the decisions of this Court, the Court below could not alter the judgment as it stood, or enter a new one after the term had passed at which the judgment was entered.

The circumstances and facts constituting a homestead should be submitted to a jury for their decision, and cannot be determined by the Court, on motion. The action of a party claiming exemption on the ground that the property is the homestead of his family and the mode of setting the same apart for such purposes, and the evidences which he has given either by preparing to or by living on the premises, all that shows an intention on the part of the claimant to dedicate a piece of property as a homestead, are matters of fact peculiarly within the province of a jury to determine whether such a dedication, did in good

faith take place. I doubt whether another case can be found, assumed to pass upon as many questions of fact, as are in this case at bar, by the Hon. Judge before whom it was tried; the whole amounts to a special verdict—such as might have been found by a jury under the direction of a Court. In the case of Cook & Burgessell v. McChristian, 4 Cal., 23, this Court asserts the right of the jury to determine the facts of dedication. On the foreclosure of mortgage in this case there was no attempt made to interpose the right of homestead against the decree and order of sale; the defendant Klink, though personally served, did not at that time in any way defend against the foreclosure and sale. If the premises were the homestead and dwelling-place of his family, it was his duty to have plead it as the privilege against sale; and so far as he is concerned, personally, if innocent purchasers have been vested with rights under the sale he could in no manner interfere in disparagement to those rights in his individual character, and the Court erred in trying, upon a motion made by the said Klink, against Cohen & Silverstein, the fact as to whether Klink had performed those acts in and about the premises, which would have amounted to their dedication as a homestead.

Cohen & Silverstein, the purchasers under the original sale, by virtue of the decree, not being parties to the original suit, cannot be ousted of their possession on motion.

The homestead being a joint estate, must be sued for jointly by the husband and wife. Neither, while the other was alive, could recover by a suit separately brought. By the action of dedication of the premises as a homestead, a joint estate was created: the alleviation, alteration, or incumbrance of the estate must, in all instances, be a joint act of the husband and wife, so in the recovery of the same, there must necessarily be a joinder of the parties in the suit. In the case of Pool v. Gerrard, California Rep., for January Term, 1856, this doctrine was held; if such be the law, the Court below erred in decreeing, upon motion made by Klink, without joining his wife, the ouster of the said Cohen & Silverstein, and the restitution of the premises to the said Klink.

*P. L. Edwards* for Respondents.

This appeal is not from a final judgment, and can only be allowable, if so at all, under subdivision three of section three hundred and thirty-six of the Practice Act, the last clause of which provides for an appeal from "a special order made after final judgment within sixty days after the order is made and entered in the minutes of the Court." See, also, last clause of section three hundred and forty-seven.

In the case of an appeal, either from a final judgment or order, the party intending to appeal, and wishing a statement of the

case to be annexed to the record, shall, within twenty days after the entry of such judgment or order, prepare such statement, etc., and shall serve a copy upon the adverse party. The respondent may, within five days, prepare amendments, etc. If the amendments are not admitted, then the Judge, upon notice of two days, shall settle such statement. Practice Act, § 338.

An omission to prepare such statement, on the one hand, or such amendments on the other, shall be held as a waiver. Practice Act, § 339.

The statement, when settled, shall be signed by the Judge, with his certificate that the same has been allowed, and is correct. Practice Act, § 341.

In view of these provisions, it is submitted that the appeal is inadmissible, and ought to be dismissed.

If wrong in the foregoing conclusions, it is then submitted that there is no exception whatsoever presented by the record. In the supposed statement, it is said that the order under review was made, and that the appellants asked a re-hearing, which was refused, and that they therefore appeal; but nowhere is there any exception to the action of the Court, and there can, therefore be nothing from which an appeal lies to this Court, save the judgment-roll. Johnson *v.* Sepulveda, Jan. Term, 1855; Egery *v.* Buchanan, July Term, 1854.

It is needless to cite authorities here to show that a purchaser of lands under an order of sale or execution must, at his own peril, know that the sale is made under a valid judgment, and that if the judgment is void, so is his purchase.

In the case of White and wife *v.* Williams, this Court, in express terms recognized but one cause for which a Court ought to set aside or modify its judgment at a subsequent term, to wit: where the defendant was not summoned. This exception, it is presumed, is for the reason that the Court has acquired no jurisdiction of the person of the defendant, and the judgment is therefore void.

Now, it is respectfully submitted that the decision, although entirely correct in that case, does not, 'as reported, fully and fairly reflect the views of the Court *in extenso.*

If, in the case supposed, the Court can set aside or modify its judgment, at a subsequent term, because it is void for one cause, why not, when it is void for any other cause?

It is urged upon the other side that the right of homestead can only be ascertained by the verdict of a jury, and Cook *v.* Mc-Christian, 4 Cal. R., 23, is adduced as authority for the position. Now, it will be remarked that the case cited was an ejectment, in which it was held that " the fact of the dedication of the premises in question as a homestead was properly submitted to the jury."

In the case now under review, no jury was demanded, and if

it had been demanded, it would not have been error to have denied the request; for, as before stated, this is emphatically a case in chancery, and where chancery has jurisdiction for one purpose, it will entertain the whole case and do entire justice between the parties. In such case the intervention of a jury is only tolerated. It is no matter of right. The refusal, even, of a jury, by the Court, is not error.

The mortgage of the homestead by the husband alone, was wholly void, except perhaps in favor of an innocent purchaser, without notice. Taylor *v.* Hargous, 4 Cal. R., 268.

A decree of sale under a mortgage executed by the husband alone, and sale thereunder, could have no more validity than his actual conveyance. And here the absence of notice is expressly negatived; for it is affirmatively shown that such notice was given at the time of the sale. Nor was the wife required to join in the proceeding to set aside the sale, or modify the judgment. The mortgage, judgment, and sale, as against her and the homestead, to the value of five thousand dollars, were wholly void. Otherwise the husband may, at any time by executing a mortgage, suffering a default, and refusing to join his wife in a proceeding to avoid his acts, entirely deprive her of the home which an enlightened Constitution and benignant Legislature have sought to secure her. Thus, the wife and children who are the peculiar objects of regard may be rendered houseless and homeless by the improvidence, willfulness, or caprice of the husband and father. But to the wife, under coverture, and the children under age, laches is not to be attributed. McHenry *v.* Moore, Jan. T., 1855; Sergeant *v.* Wilson, Oct. T., 1855; Poole *v.* Gerrard, Jan. T., 1856.

And upon general principles, if a sheriff sell upon a void judgment, his sale is also void. 1 Hill's Rep., S. C., 493; 8 Wend. R., 36.

The appellants insist that the homestead is the joint estate of the husband and wife, and that for its recovery they must sue jointly. And Poole *v.* Gerrard, Jan. T., 1856, is relied upon in support of the position. Now, that again was an action at law. The husband and wife had executed several deeds for the property, and it was held that both deeds were invalid. The wife may not have been able to sue alone, at law, but is she therefore without remedy? If so, the husband has only to refuse to join her in a suit, and the whole law is avoided. On the part of the respondent it is insisted that the wife, in the proceeding under review, was not a necessary party. The mortgage and all the proceedings thereon were wholly void, both as against her and her husband. But even if such joinder had been proper, and could have been compelled, still, to be now available, the objection should have been made in some proper manner in the Court below. And if that Court had then erred, and the proper excep-

tion had been saved, then this Court might act. Here, however, the appellants merely objected to the Court entertaining the motion, without stating any grounds of objection, and without saving any exception. Will this Court now interfere? Practice Act, § 40; Warner *v.* Wilson, 4 Cal. R., 310; Beard *v.* Knox, July T., 1855.

BURNETT, J., delivered the opinion of the Court—TERRY, C. J., concurring.

Suit to foreclose mortgage. Decree January 20, 1855. Sale of premises under decree, February 21st, 1855. Property purchased by Cohen & Silverstein, no parties to the original suit. Motion to set aside sale, September 13th, 1855. Sale set aside, and Cohen & Silverstein appealed to this Court.

On the part of respondents, it is urged that the appeal in this case should be dismisssed for certain causes assigned. The causes alleged would not seem to be sufficient, except the one that the transcript was not filed within the time required by the third rule of this Court. But no motion to dismiss having been made, and the case submitted, it is too late to make the objection in the brief. Had the objection been made by motion to dismiss, then the appellants might have been able to show some good reason in excuse for the failure.

The appellants insist that the judgment of the Court below should be reversed, upon these grounds: First, because the Court had no jurisdiction of the matter, as the term of the Court had expired, and one entire term had intervened between that and the term at which the motion was made; Second, because defendant, Klink, was regularly summoned and failed to set up his right of homestead before the decree in the foreclosure suit; Third, a motion to set aside the sale for the cause stated, was not the proper remedy.

The record in this case is not very accurately made up, and as there may be a doubt whether the notice of the motion was given during the term at which the decree of foreclosure was rendered, it will not be necessary to determine the first point.

As to the second ground taken by the counsel for the appellants, it appears that defendant, Klink, was duly served with process in the suit to foreclose the mortgage, and made no defence. It also appears that he made the motion to set aside the sale upon the general ground that the premises were his homestead.

If, then, he could make the notice to set aside the sale, without joining with his wife, then it would seem clear that he could have set up the same matter in defence of the original action to foreclose the mortgage. And if he could singly avail himself of such a defence, he was bound to do so in the first instance; and having waived that right, he could not afterwards assert it.

But the proceedings in the foreclosure suit, did not affect the the right of homestead, and the defendant, Klink, could not *individually* assert it. He had no right to set it up, either in the original suit, or in the form of a motion to set aside the sale.

These points were settled by this Court in the late cases of Revalk & wife *v.* Kramer and others, and Kramer and others *v.* Revalk and others, decided at the July Term, 1857.

As to the third ground, we think it is well taken. The question of homestead is too grave a matter to be tried on motion. In this case, Klink and wife should have filed a bill in the nature of a cross bill in the foreclosure suit, or they should have brought ejectment.

Judgment reversed, and the cause remanded.