HOPPIN v. DOTY, impleaded with LENNAN and others.

FORECLOSURE SALE: *Rights of holder of subsequent mortgage, not made a party.*

1. A purchaser at foreclosure sale, with notice that the real holder of a subsequent mortgage had not been made a party to the action, takes the title subject to the right of such holder to redeem.
2. A grantee of such purchaser, with like notice, takes subject to the same right.
3. Where, in the foreclosure of a second mortgage, one defendant claims under a first mortgage sale, from which the complaint does not ask to redeem, it is not error of which the plaintiff can complain, to dismiss the action as to such defendant, without prejudice to plaintiff's right to contest his title in another suit.

APPEAL from the Circuit Court for *Jefferson* County.

Action to foreclose a mortgage for $4,000, given in March, 1854, by the defendant *Lennan* to the La Crosse and Milwaukee Railroad Company, and assigned in 1855, for value, to persons from whom the plaintiff purchased it. The complaint showed that part of the mortgaged premises was sold at sheriff's sale in 1862, upon the foreclosure of a mortgage for $112, given by *Lennan* to one McNeil in 1852, and was bought by one Munn, who afterwards quitclaimed it to the defendant *Doty*. The complaint alleged that the mortgage to McNeil had been paid before the execution of the mortgage to the railroad company; that the present plaintiff was not made a party to the suit for its foreclosure; that neither Munn nor *Doty* paid anything for the property, but received the title at *Lennan's* request, and that said *Doty* and *Lennan* had conspired together to enable the latter to hold the premises, which are still in his possession, discharged of the plaintiff's mortgage. The answer of *Doty* asserted title in himself to the premises covered by the mortgage to McNeil; alleged that Munn purchased at the foreclosure sale in good faith; that he purchased from Munn in good faith, for a

valuable consideration; and that the La Crosse and Milwaukee Railroad Company were made defendants in the action for the foreclosure of the mortgage given to McNeil; and denied all collusion. *Lennan* filed no answer. The issues of fact were tried by a jury, and found in favor of *Doty.* The court dismissed the complaint as to *Doty*, without prejudice to the right of the plaintiff to litigate in another action the validity of *Doty's* title, and rendered judgment of foreclosure of *Lennan's* equity of redemption; and plaintiff appealed. The facts proven on the trial are sufficiently stated in the opinion of the court.

*E. Mariner* and *D. S. Ordway*, for the appellant, argued that Munn and *Doty* both had notice, when they purchased, that the railroad company had disposed of its mortgage, and that the holder of it was not a party to the foreclosure of the prior mortgage. They contended also that as Munn and *Doty* had acted in bad faith, they should be postponed to the plaintiff.

*Emmons Taylor* and *G. C. Prentiss* (with whom was *S. U. Pinney*), for respondent, contended that there was no proof that Munn or *Doty* knew that the railroad company had assigned its mortgage. The assignment was not of record, and the purchaser had a right to presume that the subsequent incumbrance was barred. 13 Wis., 10; 8 Wend., 6, 20.

COLE, J. The evidence fails to show that the McNeil mortgage, which was the prior incumbrance on the land in section 31, had been paid. It was alleged in the complaint, that at the time of the execution of the mortgage sought to be foreclosed in this suit, this prior mortgage had in fact been paid, but had been left undischarged of record. This allegation, however, was not sustained by the testimony. Nor does the evidence in the case sustain the

further allegation of the complaint, that Munn paid nothing at the foreclosure sale of the prior mortgage, and that whatever money was paid at that sale was really paid by the mortgagor. It is very clear to our mind that Munn bid off the property at the foreclosure sale for himself, and not for *Lennan*, although he admits that he made a verbal promise to sell and convey the land for a reasonable consideration to any person *Lennan* might designate. But that either he or *Doty* took and held the title merely as trustee for *Lennan*, paying no money themselves, is a position directly in conflict with the great weight of testimony in the case. The question then is, Did Munn have notice, when he purchased at the foreclosure sale, that the La Crosse Railroad Company had disposed of the mortgage given to it, and that such mortgage was held by some one not a party to the foreclosure action? We think the evidence clearly shows that he had such notice. For he himself says, in effect, in answer to the twenty-third and twenty-fourth interrogatories, that at the time of the sale he had heard that the La Crosse company had a railroad mortgage on the land, which it had sold or traded off to some one, and that he was informed that parties in Milwaukee had purchased up large quantities of these farm mortgages, *Lennan's* among them, and that forced payment was to be attempted. So that, although the railroad company was made a party defendant to the suit to foreclose the first mortgage, as a subsequent incumbrancer, yet Munn very well knew that the railroad company had previously assigned that mortgage. It is true, the assignment had not been recorded; but the mortgage was upon record, and Munn had ample notice that it belonged to some one not a party to the foreclosure proceedings. He therefore purchased the property at the foreclosure sale knowing that the second mortgage was still a subsisting lien upon the land. And the

same remark applies to his grantee, *Doty*, who took the title with like notice. For he also says in his testimony, that at the time of taking the deed from Munn, he had learned that there was an outstanding railroad mortgage on the land. There is therefore no ground for saying that he supposed he was getting a perfect title and would hold the property discharged of the railroad mortgage. This being so, what is the true relation of the parties to the property and to each other? Evidently *Doty*, so far as the plaintiff is concerned, must be regarded as a mortgagee in possession under a prior mortgage, and the plaintiff, as subsequent incumbrancer, must proceed and redeem from him. This action is brought solely for the purpose to foreclose the plaintiff's mortgage, and to bar and foreclose all subsequent liens upon the mortgaged premises. The plaintiff does not ask to redeem from that mortgage; nor does he in any manner concede that it is a prior and paramount lien upon the property. But for certain reasons it is insisted that even if *Doty* would otherwise be deemed as an assignee of the McNeil mortgage in possession, yet, on account of collusion with *Lennan*, it is claimed he must be postponed to the plaintiff. Because it is said it appears that *Lennan* intended to defraud the holder of the second mortgage, by allowing a sale upon the prior small mortgage, and that both Munn and *Doty*, before their purchase, were aware of this fraudulent design, and by their acts became parties to the fraud. Assuming these facts to be fully established as the plaintiff claims, we cannot see that they affect the case, or in any way change the rights of the parties. Concede that the mortgagor and Munn and *Doty* did intend, by the foreclosure of the prior mortgage, in some way to cut off the subsequent one; yet we hold that they did not do it. For, notwithstanding this foreclosure proceeding, the farm mortgage is still a subsisting lien upon the premises, having all the force and effect

which the law gives it. The plaintiff, then, has not been injured by this alleged collusion and fraudulent design of the parties. His rights under his mortgage are as complete and perfect as though no such fraudulent purpose had ever been conceived by any party to the transaction. If, therefore, the alleged fraudulent intent did exist, his rights were not affected by it. It resulted in no injury whatever to him, as he can still proceed and redeem from the prior mortgage. And as *Doty's* title in the premises was paramount, the circuit court merely dismissed the complaint as to him, but without prejudice to the right of the plaintiff to litigate in another suit the validity and regularity of *Doty's* title. The clause in the judgment fully saves to the plaintiff all his rights as against *Doty*. And in other respects he obtains the precise relief asked in the complaint. We therefore think the judgment correct, and that it must be affirmed.

*By the Court.*—Judgment affirmed.