[No. 11828. In Bank. — March 23, 1888.]

## STOCKTON BUILDING AND LOAN ASSOCIATION, APPELLANT, v. GEORGE CHALMERS ET AL. LOUISA HARDIE, RESPONDENT.

JUDGMENT — ACTION AGAINST PERSONAL REPRESENTATIONS DOES NOT AFFECT INDIVIDUAL RIGHTS — HOMESTEAD. — Where a surviving wife is sued solely as the executrix of her deceased husband, in an action to foreclose a mortgage executed by him, a judgment of foreclosure cannot affect the individual rights that she has in the mortgaged property as a homestead, notwithstanding in her answer as executrix she sets up the fact of the declaration of homestead on the property.

APPEAL from an order of the Superior Court of El Dorado County refusing a writ of assistance.

The facts are stated in the opinion of the court.

*W. L. Dudley,* and *George G. Blanchard,* for Appellant.

The respondent by voluntarily causing her individual rights in the mortgaged premises to be litigated, is estopped from claiming that she is not individually bound by the judgment. (*Erkins* v. *Ayers,* 58 Cal. 310; *White* v. *S. R. & S. Q. R. R. Co.,* 50 Cal. 417; *McAbee* v. *Randall,* 41 Cal. 136; *Denagre* v. *Denagre,* 33 La. Ann. 694; *Herman* on Estoppel, sec. 94; *Colton* v. *Onderdonk,* 69 Cal. 155; 58 Am. Rep. 556.)

*Charles N. Fox,* for Respondent.

The respondent, having been sued only as executrix, was not personally bound by the judgment. (*Ex parte Hollis,* 59 Cal. 412; *Chase* v. *Evoy,* 58 Cal. 348; *Hefner* v. *Urton,* 71 Cal. 479.)

SEARLS, C. J. — This is an appeal from an order after final judgment refusing a writ of assistance.

Robert Chalmers in his lifetime executed a mortgage upon certain premises in El Dorado County; subsequently his wife Louisa declared a homestead upon a portion of the same premises.

Chalmers departed this life, and an action to foreclose the mortgage was brought against the executor and executrix of his last will, viz., against George Chalmers and Louisa M. Chalmers, as executor and executrix thereof.

Louisa Chalmers, the widow, was made a party defendant as executrix, but not in her individual capacity.

The executor and executrix set up the fact of the declaration of homestead by the latter, and the court found the existence of the homestead as a fact, and that it was subsequent in time and subject to the lien of the mortgage.

A decree was entered in favor of plaintiff, under which

the property was sold, purchased by plaintiff, and a sheriff's deed having passed, possession was demanded of Louisa M. Chalmers (who had before that time intermarried with one Hardie), pursuant to a clause in the decree requiring possession to be delivered to the purchaser, which was refused, whereupon plaintiff applied for a writ of assistance.

The court below denied the writ upon the grounds that Mrs. Chalmers was not individually a party to the foreclosure suit, and was not made such, or concluded by the answer made in her representative capacity, setting up the homestead, or by the decree rendered therein.

It is well settled that a judgment for or against a party in one right cannot affect him when acting in another right. Thus a plaintiff suing as administrator of his wife is not affected by a judgment against himself, in her lifetime, in an action to which she was not a party. (*Blakey* v. *Newby*, 6 Munf. 64.) "A decree against one as administrator, on a bill to compel the delivery of slaves claimed as a gift from the intestate, will not conclude his rights as a creditor, on a bill by him against the former plaintiffs, to set aside the gift conveyance for fraud." (Freeman on Judgments, sec. 156, and cases cited.)

Louisa Chalmers was sued as the executrix of the last will of her deceased husband; as such she could only avail herself of such defenses to the foreclosure suit as would have existed in favor of her testator had he been living and a party to the action; and had he been living and a party defendant he could not have concluded by a defense or want thereof his wife's right to the homestead. Such result could only be reached, if by action, in a proceeding to which she was a party. (*Revalk* v. *Kraemer*, 8 Cal. 65; 68 Am. Dec. 308; *Revalk* v. *Kraemer*, 8 Cal. 75; *Van Renegan* v. *Revalk*, 8 Cal. 76; *Cook* v. *Klink*, 8 Cal. 347; *Stoops* v. *Woods*, 45 Cal. 439.)

It is true a party may be before the court in two or more capacities, and in *Corcoran* v. *Chesapeake Canal*

*Co.*, 94 U. S. 741, an individual, as trustee for certain bondholders, was brought before the court and a decree rendered against him as such, and it was held he could not relitigate the same matter on the ground that he was himself a bondholder of some of the bonds.  If he was such holder, it was said he was bound by the former decree, because as trustee in the former suit he was representing himself.  That, however, is not this case.  Louisa Chàlmers, as executrix, represented the estate of her deceased husband, and the decree rendered is binding upon such estate; but her right in the homestead, if taken from the community property of herself and husband, vested absolutely in her upon the death of the latter, and as executrix she could not represent it.

But it is claimed that defendant did, in effect, make herself individually a party to the action, by setting up the homestead right when sued as executrix.

The code specifies but two methods by which, after the commencement of an action, new parties may be brought in; one is by an order of the court and the other by complaint of intervention.  No such order was made or proceedings had in this case; hence we conclude she was not individually a party to the cause.

It may well be that a party who voluntarily files an answer in a cause without an order of court making him a party defendant, and who goes to trial upon the issues made by his answer to the complaint, will be concluded by the judgment rendered on the trial of such issues, and estopped from denying that he was a party to the action.  But in the present case we search the decree in vain for any adjudication of defendant's homestead rights.

The conclusion reached by the court below was "that Mrs. Chalmers, now Mrs. Hardie, never was a party to this action, and therefore the judgment and decree do not affect her homestead right, and being in possession under the homestead right, she is rightfully in possession."

We are of opinion this conclusion was warranted by the premises, and the order denying the writ is affirmed.

Sharpstein, J., McFarland, J., Temple, J., Thornton, J., and McKinstry, J., concurred.

Paterson, J., dissenting. — I dissent. It is true that Louisa M. Chalmers was not, technically speaking, a party defendant in the action, but she voluntarily set up her individual rights in the property, and caused the same to be litigated. Her homestead right was set forth in detail. It was treated as an issue in the case. The trial proceeded upon the theory, by all the parties, that her individual rights were in controversy, and the findings of the court upon that matter were as full as the allegations of the answer. Her individual right was not necessarily or even properly in the answer as a part of the defense made by the defendants in their representative capacities. The estate could not in any way be benefited by the determination of the homestead rights of Mrs. Chalmers; on the contrary, if her homestead right had been established (the court found that plaintiff's mortgage was a lien upon the property described in said declaration of homestead) the estate would have lost a fund which otherwise would have been devoted to a payment of the debts. She therefore, in effect and in fact, became a party to the suit in her individual capacity; her rights were determined, and I think she was bound by the decree rendered in the case. If the name Louisa M. Chalmers had been repeated in the title of the cause without the addition of the official designation "executrix," there can be no doubt that judgment would be binding upon her. "A nominal but not substantial difference in parties does not effect the estoppel. The general rule that a judgment of a court having jurisdiction of the subject-matter and the parties and the process, and rendered directly upon the point in question, is conclusive between the same parties, is not complied

with when the same person, though a party in both suits, is such in different capacities,—in the one individually, in the other as administrator. So if an action is brought by A as guardian of B, a minor, a judgment against A as guardian is in his official capacity, and will not preclude him from maintaining a subsequent action in his own right individually, and *vice versa.* For in the prior action, A, properly speaking, had not been a party. The real party in interest was the minor by A, his guardian. The subsequent action in A's own name is not, then, between the same parties; the person may be the same, but in different capacities, and the former action cannot preclude him from maintaining the subsequent action; *but where they litigate their individual rights in the same action, the judgment is conclusive. Thus where an executrix, who was also the widow of the testator, being sued in the former capacity only, but raising in her defense of the suit the issue of her rights as usufructuary, will be personally concluded by the judgment, and cannot subsequently attack its validity on the ground that she was not cited in her individual capacity."* (1 Herman on Estoppel, sec. 94.)