## HEARFIELD v. BRIDGE et al.

### (Circuit Court, N. D. California. April 8, 1895.)

### No. 11,662.

1. EXECUTORS AND ADMINISTRATORS—FORECLOSURE OF MORTGAGES—PARTIES.

   Under the California statute which authorized actions founded on contracts to be maintained against executors and administrators where such actions could have been maintained against their decedents, the widow and heirs of a deceased mortgagor were not necessary parties to an action against his administrator to foreclose the mortgage. Bayly v. Muehe, 3 Pac. 467, 4 Pac. 486, and 65 Cal. 345, followed.

2. COURTS—FOLLOWING STATE PRACTICE—QUIETING TITLE.

   Though the federal courts may not be bound by a state law authorizing an action to foreclose a mortgage to be maintained against the administrator of a deceased mortgagor without joining his widow and heirs, they will not, in an action to quiet title, overturn a title acquired under a foreclosure in the state courts, to which the widow and heirs were not parties.

3. CONSTITUTIONAL LAW—DUE PROCESS OF LAW—FORECLOSURE OF MORTGAGES OF DECEDENTS.

   Though, under the California statute which authorized actions founded on contracts to be maintained against executors and administrators where such actions could have been maintained against their decedents, the widow and heirs of a deceased mortgagor were not necessary parties to an action against his administrator to foreclose a mortgage on community property, they were not deprived of their property without due process of law.

Bill to quiet title brought by David Hearfield against I. W. Bridge and others.

Boyd & Fifield, for complainant.
Taylor & Goodfellow, for respondents.

McKENNA, Circuit Judge.    This is an action to quiet title. Both parties derive title from John H. Daly, who died after executing the mortgage hereinafter mentioned, leaving surviving him a wife, Anne Daly, and certain heirs.    Some of these died, the others succeeding to their interests, if they had any.    The plaintiff derives title from Mrs. Daly and these heirs; the defendants, through a mortgage executed by Daly in his lifetime, and foreclosure proceedings thereon after his death.    His administrator was alone made a party to the foreclosure suit.    The contention of the plaintiff is that this suit did not affect the interests of Mrs. Daly and the heirs, and that the defendants' grantors received no title by the sale.    The statute of the state of California, at the time of the action, provided that "all actions founded upon contracts may be maintained by and against executors and administrators in all cases in which the same might have been maintained by and against their respective intestates."    Act May 1, 1851, p. 473.    And the supreme court of the state, in Bayly v. Muehe, 65 Cal. 345, 3 Pac. 467, and 4 Pac. 486, decided that under the statute the heirs of a deceased mortgagor were not necessary parties to an action against the administrator.    The facts were, as stated by Justice Ross, as follows:    One Baker owned a tract of land which he mortgaged to one Livermore, and then died intestate, leaving surviving him certain heirs at law.    An administratrix of his estate was appointed, to whom the mortgage claim was presented, and the same was duly approved and allowed.    Livermore then commenced suit against the administratrix to foreclose the mortgage.    To this suit none of the heirs were made parties.    The proceedings in the action were regularly had and taken, and resulted in the entry of a decree of foreclosure and sale in the usual form, the issuance of an order of sale, the sale of the mortgaged premises pursuant to its direction, and the execution of the sheriff's deed in due course of time.    "The question is," the learned justice said, "did the title to the property pass to the purchaser under the foreclosure sale?"    The answer was that it did pass.    Counsel for plaintiff recognizes this case as an impediment to his views, and squarely meets it by contending (1) that it opposes decisions made before and after it, and, quoting and applying the language of the supreme court of the United States of another case, counsel say, "It stands out, as far as we are advised, in unenviable solitude and notoriety;" (2) that it is opposed to the general principles of equity jurisprudence, and is not, therefore, authoritative to the independence of a federal court; (3) if the statute is properly construed by it, the statute is unconstitutional.

These contentions were supported by counsel in able oral and written arguments, to which I have given careful consideration.

That Bayly v. Muehe is opposed to precedent decisions we may disregard, if it is not opposed by subsequent ones, and the contention that it is not justified. In Monterey Co. v. Cushing, 83 Cal. 507, 23 Pac. 700, it is cited to justify a proceeding to condémn land brought by the county of Monterey against an executor of an estate. It is obvious that this is a more extreme application of the statute than the foreclosure of a mortgage against an estate. A mortgage is an obligation of a deceased, and in fact as well as in potentiality of law could have been maintained against him. Condemnation proceedings against an executrix have no connection with her testator whatever. They are instituted subsequent to his death, and against property which, according to counsel, had become vested, by operation of law, in heirs. It does not appear from the decision in Monterey Co. v. Cushing whether the land condemned in that case was or was not community property, or that this would have made any difference. The right of an heir, or the right of a wife, even, though differently derived, would have been equally vested, as far as the county was concerned. Bayly v. Muehe was again cited and affirmed in Collins v. Scott, 100 Cal. 446, 34 Pac. 1085. The action was brought to vacate a judgment of foreclosure and all proceedings thereunder, including the sale and conveyances. One of the points made was that the plaintiffs, who were heirs of Lemuel P. Collins, were not made parties to the suit which was brought against his administrator. The court said, "As heirs at law of Lemuel P. Collins, these plaintiffs were not necessary parties to the action to foreclose," and cited Bayly v. Muehe and Monterey Co. v. Cushing, and, continuing, said, "and whether or not they were made parties defendant in that action is of no moment." The decision is unmistakable, and I have not been referred to any case which, directly passing on the question, and under the same conditions, reverses or modifies it. Counsel for plaintiff refers to Burton v. Lies, 21 Cal. 88; Enos v. Cook, 65 Cal. 178, 3 Pac. 632; Association v. Chalmers, 75 Cal. 332, 17 Pac. 229; and other cases. These cases have elements in them which are not in Bayly v. Muehe and the cases quoted as supporting it, supra, and that which appears inconsistent between them and the latter must be accounted for and reconciled by these differences. If, however, the rule that all persons interested in the mortgaged property must be made parties, finds in Bayly v. Muehe and Collins v. Scott arbitrary exception of surviving wives and heirs in an action to foreclose a mortgage made by a testator or intestate, these cases also fix the exception as the law of California; and, as the exception has been invariably applied to all the cases falling within it, I am bound by it, as a rule of property. If the court had wavered in the application of the exception, if it be an exception, I might exercise an independent judgment, as counsel urges I may when state decisions are inconsistent. But, as I have said, the court has not wavered; and regarding the practice which it justified, and the titles obtained under it, to reject its authority now would be absolutely ruthless.

To the second objection made, that, the question being one of general equity jurisdiction, the California cases furnish no rule for a federal court, the reply is that this might be tenable if it was attempted in this court to foreclose a mortgage without making a surviving wife or heirs parties to the action. This, however, is very different from disregarding a judgment, and a title acquired under it, rendered in an action in the state court, to which, under the state law, the proper persons were made parties. This is so obvious that it need not be dwelt on.

The third point urged by plaintiff, that the California statute, as interpreted by Bayly v. Muehe, is unconstitutional, as depriving a person of property without due process of law, is also untenable. What is community property, how derived, how it shall descend, and what subject to, are matters of state policy and regulation. The California law invested Daly with the power to incumber the community property of himself and wife. If it could give this power, it was certainly competent to provide that it should continue after his death, and to provide how it could be made effectual to the holder. I have assumed that the property was community property, and hence have not considered the contention of defendants that it was Daly's separate property. The complainant's bill will be dismissed.