## SONNENBERG v. STEINBACH et al.

1. A judgment against one sued in his individual capacity, and who as such answers, disclaiming any interest in the property sued for, does not estop him to claim the property in the capacity of a trustee of others, for whom he held it when the suit was commenced.

2. Claim for property by one in his capacity as trustee may be made by motion in the action in which, being sued therefor in his individual capacity, and answering in such capacity with disclaimer of interest, judgment is rendered against him.

(Opinion filed March 24, 1897.)

Appeal from circuit court, Yankton county. Hon. E. G. SMITH, Judge.

Action to determine adverse claims to real estate. Plaintiff appeals from an order directing the sheriff to restore the possession of certain lots. Affirmed.

The facts are stated in the opinion.

*John Holman* and *R. B. Tripp*, for appellant.

*French & Orvis*, for respondents.

HANEY, J. Plaintiff appeals from an order of the circuit court directing the sheriff to restore the possession of certain real property alleged to have been wrongfully taken from a church organization under and by virtue of an execution issued in this action upon a judgment adjudging plaintiff to be the owner, and excluding defendants and all others claiming through or under them from asserting any right thereto. The order was made upon the records of this action and an affidavit made by three of the defendants, wherein they affirm that the property is owned by a certain church organization; that they are, and were at all times mentioned in the pleadings, trustees of such organization; that the other defendant is, and during said times has been, secretary and treasurer thereof; that such organization has for many years used the property for the purpose of holding religious meetings in the church building situated thereon; that during all the times mentioned in the plead-

ings, such organization, through the defendants, as its officers, had possession, custody, and control of the property, but these defendants have not, during any of said times, and do not now claim, any right, title, or interest therein as individuals, and have not had possession of the same as individuals; that the sheriff wrongfully took the property from the possession of the church, and delivered the same to the plaintiff.    Plaintiff read an affidavit tending to show that the alleged church organization was never so incorporated or organized as to be capable of suing and being sued, or of holding real property.    In the main action, defendants answered disclaiming any interest whatever in the property.    They were sued only as individuals, and so answered.

It is unnecessary to decide whether the court was justified in finding or assuming that the church society was duly organized, because it is uncontradicted that defendants held the property in trust either for a duly-incorporated religious society, or the members of and contributors to a religious society not so organized or incorporated; and the substantial question arises in either case whether, when a person is sued in his individual capacity, and by the adjudication is precluded from claiming property as an individual, he is estopped from claiming it in the capacity of a trustee of others, for whom he held the same when the suit against him was commenced.    Every person may at different times, or at the same time, occupy different relations, act in different capacities, and represent separate and perhaps antagonistic interests.    It is a rule of both the civil and the common law that a party acting in one right can neither be benefitted nor injured by a judgment for or against him when acting in some other right.    Judgments are presumptively only conclusive against parties in the character in which they are sued.    Freem. Judgm. § 156; Erwin v. Garner, 108 Ind. 488, 9 N. E. 417; McBurnie v. Seaton, 111 Ind. 56, 12 N. E. 101; Association v. Chalmers, 75 Cal. 332, 17 Pac. 229. Having been sued as individuals, their individual right to the

property was alone involved, and defendants were not required to voluntarily appear and answer in the capacity of trustees. We think defendants, as trustees, were wrongfully excluded from the property, and as such are not estopped by the judgment against them from asking to have it restored. This they could do by motion in the original action. Freem. Ex'ns, § 476; Mayo v. Sprout, 45 Cal. 99; Smith v. Pretty, 22 Wis. 624; Howard v. Kennedy's Ex'rs, 39 Am. Dec. 307. The order of the circuit court is affirmed.