THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE FOREST COMMISSION, Appellant, *v.* FRANK CAMPBELL, Comptroller of the State of New York, Respondent. (No. 1.)

THE SAME *v.* THE SAME. (No. 2.)

1. SUBJECTION OF STATE TO CONDITIONS OF EQUITABLE RELIEF. When the State is in court demanding a right which depends upon equitable considerations, and which may be granted or refused in the exercise of discretion, it may be required to submit to such terms or conditions in awarding the relief as justice requires.

2. CERTIORARI TO REVIEW CANCELLATION OF STATE'S TAX-SALE TITLE — VACATION OF CANCELLATION ON TERMS. On certiorari, in the name of the People on the relation of the Forest Commission, to review an order of the comptroller canceling a tax-sale conveyance to the State on application of the former owner of the land and upon payment of the taxes by him, the Appellate Division of the Supreme Court, on determining that the cancellation was without authority, has power to set it aside upon such terms as equity requires, with respect to the restitution of the money, or any part of it, received by the state on the cancellation. ·

*People ex rel. Forest Com.* v. *Campbell*, 22 App. Div. 170, reversed.

(Argued April 18, 1898; decided May 10, 1898.)

Appeals from orders of the Appellate Division of the Supreme Court in the third judicial department, entered December 6, 1897, quashing writs of certiorari in each of the above-entitled proceedings.

The facts, so far as material, are stated in the opinion.

*William P. Cantwell* for appellant. The order is appealable to the Court of Appeals. (*People ex rel. v. Board of Comrs.*, 97 N. Y. 37; *People ex rel. v. Stilwell*, 19 N. Y. 532; *People ex rel. v. McCarthy*, 102 N. Y. 631.) The Appellate Division did not consider the merits, and the orders should be reversed on this ground. (Code Civ. Pro. § 2140.) It was within the power of the Supreme Court to provide for restitution in this proceeding. (Code Civ. Pro. § 2142; *People ex rel. v. Hildreth*, 126 N. Y. 360.) An owner whose land has been sold for taxes has no right to apply to the comptroller for cancellation of a tax sale, and the comptroller has no authority to cancel the title of a purchaser upon the application of such owner. (*People ex rel. v. Wemple*, 139 N. Y. 240; *People ex rel. v. Roberts*, 144 N. Y. 234; *People ex rel. v. Roberts*, 151 N. Y. 540; *People v. Turner*, 145 N. Y. 451.)

*Frank E. Smith* for respondent. The state by taking the money paid into its treasury by Turner as a condition of the order made by Comptroller Wemple thereby waived the right, if such right ever existed, to appeal from the order by reason of which alone it had obtained the money. (*Carll v. Oakley*, 97 N. Y. 633; *Alexander v. Alexander*, 104 N. Y. 643; *Wood v. Richardson*, 91 Hun, 332; *Albright v. Oyster*, 19 U. S. App. 651; *W. G. L. & M. Co. v. St. Croix Co.*, 71 Wis. 317.) The Supreme Court has not power to award and enforce restitution against the state. (*People v. Dennison*, 84 N. Y. 272; *Locke v. State*, 140 N. Y. 480; *Peck v. State*, 137 N. Y. 372; *Carr v. U. S.*, 98 U. S. 433.) The court cannot on certiorari grant conditional relief. (*People ex rel.*

v. *Bd. of Fire Comrs.,* 100 N. Y. 82.) The orders are not appealable, having been quashed in the exercise of discretion. (*People ex rel.* v. *Bd. Supervisors,* 153 N. Y. 370.) The discretion of the court was properly exercised in quashing the writs because of the inequitable position taken by the state. (Code Civ. Pro. § 2127; *People ex rel.* v. *Hill,* 53 N. Y. 547; *People ex rel.* v. *Mayor, etc.,* 2 Hill, 9; *Matter of Mount Morris Square,* 2 Hill, 14; *People ex rel.* v. *Mayor, etc.,* 5 Barb. 43; *People ex rel.* v. *McCarthy,* 102 N. Y. 630; *People ex rel.* v. *Hill,* 65 Barb. 435; 53 N. Y. 547; *Inhabitants of Rutland* v. *County Comrs. of Worcester,* 20 Pick. 71; *Keys* v. *Suprs. Marin Co.,* 42 Cal. 252; *People ex rel.* v. *Roberts,* 151 N. Y. 540; *Locke* v. *Selectmen of Lexington,* 122 Mass. 290; *People ex rel.* v. *Bd. of Suprs.,* 131 N. Y. 468; *People ex rel.* v. *Bd. of Health,* 33 Barb. 344.) The cancellation made by the comptroller was right on the merits. (*People ex rel.* v. *Chapin,* 39 Hun, 230; *People ex rel.* v. *Chapin,* 104 N. Y. 96; *Ostrander* v. *Darling,* 53 Hun, 190; 127 N. Y. 79; *People* v. *Stephens,* 71 N. Y. 527; *Mayer* v. *Dean,* 115 N. Y. 556; *Fairchild* v. *McMahon,* 139 N. Y. 290; *People's Bank* v. *Nat. Bank,* 101 U. S. 181; *Delafield* v. *State,* 26 Wend. 192, 226, 229; 2 Hill, 159, 175, 177; *People ex rel.* v. *Chapin,* 105 N. Y. 309; *People* v. *Hagadorn,* 104 N. Y. 516; *Springer* v. *Bien,* 128 N. Y. 99; *Webb* v. *Buckelew,* 82 N. Y. 555; *Cromwell* v. *County of Sac,* 94 U. S. 351; *Nesbitt* v. *Riverside Independent Dist.,* 144 U. S. 610.) The case made by the forest commission on the application to Comptroller Campbell was not sufficient to warrant the setting aside of the cancellation made by Comptroller Wemple. (*Bell* v. *Merrifield,* 109 N. Y. 202–211; *Russell* v. *Place,* 94 U. S. 606; *De Sollar* v. *Hanscome,* 158 U. S. 216; *Carleton* v. *Lombard, Ayres & Co.,* 149 N. Y. 137–152.) The state, through the forest commission, cannot be heard to attack the cancellation until it either returns or offers to return the money which it received by reason of that cancellation. (*Gould* v. *Cayuga Co. Nat. Bank,* 86 N. Y. 75; *Kley* v. *Healy,* 127 N. Y. 555; *Cobb* v. *Hatfield,* 46 N. Y. 533.) It

is the duty of the comptroller to defend the order made by him or his predecessor. (*People ex rel.* v. *Jones,* 110 N. Y. 509.)

O'BRIEN, J.   On the 9th day of June, 1881, the state comptroller conveyed to the state a tract of land in Franklin county which he had bid in upon a sale for unpaid taxes. On the 31st of December, 1891, the then comptroller, who was the defendant's immediate predecessor, made an order canceling the sale and the title of the state to the land upon the application of Benton Turner, who claimed to be the owner notwithstanding the sale. The order was conditional upon payment by the applicant of all taxes which were then liens on the land. It appears that he paid the taxes in compliance with this condition in the order amounting to several thousand dollars. The relators claim that the lands are now a part of the Forest Preserve, that the comptroller had no power to make the order, and that the title of the land is still in the state. On the 2nd day of April, 1892, the relators applied to the defendant, as the successor in office of the officer who made the order, to vacate the same, and the application was denied.

The relators then sued out two writs of certiorari, one to review the original order of cancellation, and the other to review the determination of the defendant refusing to set the same aside. On a hearing upon these writs and the returns thereto at the General Term of the Supreme Court the writs were quashed upon the ground that the relators had no power or right to maintain such a proceeding.

The orders were reviewed in this court and reversed upon the ground that the proceedings could be maintained by the relators (*People ex rel. Forest Commission* v. *Campbell,* 152 N. Y. 52), and the cases were remanded to the Appellate Division for a hearing on the merits. That hearing has been had and again the writs quashed upon the ground stated in the body of the order in these words : "It is ordered : That the said writ of certiorari issued herein be and the same is quashed, without costs to either party, upon the ground that

this court, not having the power in this proceeding to direct and enforce restitution of the moneys paid for taxes, or grant conditional relief, it would be inequitable to sustain the writ while the state retains said moneys." This was a common-law writ of certiorari, and it is undoubtedly true that the court could grant or allow it according to the equities of the case. It was not a matter of absolute right, but rested in the sound discretion of the court. But it is plain from the language of the order that the court refused to consider the case or to exercise the discretion to affirm, reverse or modify the order. This was upon the ground that the case presented equitable considerations with which the court had no power to deal.

We think the learned court below took altogether too limited a view with respect to its powers. It held that the order of the comptroller canceling the sale and the title of the state was wholly without authority. If that officer had no power to cancel the sale he had no more power to receive the money. The order was made on the application of the very party who paid the money, and he is chargeable with knowledge of its illegality. Under ordinary circumstances a party who pays money in compliance with an illegal order which he has himself procured would be regarded as the victim of his own folly, but in this case the learned court below was, under all the circumstances, justified in holding that the conduct of the state with reference to refunding the moneys received by its own officer, though without authority, should be regulated by the highest standard of honor and justice without regard to technical legal questions. The difficulty with the case is that the court seems to have acted upon the principle that it did not possess the power to do justice between the parties. It had, we think, the power to reverse and set aside the illegal order of the comptroller upon condition that the state refund to the proper party the money which had been received and placed in the treasury within such time and in such manner as it deemed just. It is not very material whether such an order could be strictly considered as a reversal or modification.

When a court is dealing with equitable rights the rules of procedure are elastic enough to permit it to do equity. If the state was not in equity bound to refund the money, then it was entitled to a reversal of the order. If it was, then the court has the power to so mould the relief as to accomplish that purpose and at the same time to reinstate the title of the state to the land. It may very well be that the court upon inquiry would find that the party who paid the money had been sufficiently compensated for what he had paid by the use of the land in the meantime or from the proceeds of property taken from it. There is no statute or rule of procedure so rigid as to limit the power of the court to inquire into all these matters and adjust the rights of the parties upon principles of equity.·

It is not the province of this court to point out just how the court below shall use its own powers or its own rules ,to correct the unauthorized act of a state officer and at the same time do justice to the party who procured him to do the thing complained of. The only objection raised in this court to the exercise of the power indicated is that the court below cannot require the state to refund the money, since that ·would be equivalent to entertaining a suit and rendering judgment against the·state without its consent. We do not think that the principle has any application to this case. The state is in court already by the action of its duly-constituted officers for the purpose of procuring the cancellation of the tax sale to be set aside. The relators represent no interest but that of the state, and the sovereign being virtually in court demanding a right which depends upon equitable considerations, and which may be granted or refused in the exercise of discretion, it may be required to submit to such terms or conditions in awarding the relief as justice requires. When the state is once in court seeking· remedies that are governed by rules of equity, it may be required, as a condition of the relief, to do anything in the litigation that could be required of an individual under the same circumstances.

Hence, we think that the court below has full power to set

aside the order under review upon such terms with respect to the restitution of the money, or any part of it, as equity requires.

The order appealed from should, therefore, be reversed, with costs, and the case remanded to the Appellate Division for a further hearing on the merits.

All concur.

Order reversed.