## CLARK ET AL. v. SCHINDLER ET AL.

[No. 6,686. Filed February 4, 1909.]

1. DECEDENTS' ESTATES.—*Executor's Final Report.—Setting Aside.—Parties.—Capacities.*—In a proceeding to set aside the final report of an executrix and for the appointment of an administrator *de bonis non,* such executrix must be made a party in her trust capacity, and not in her capacity as heir. p. 272.

2. PARTIES.—*Nonjoinder.—Abatement.—Executors.*—In a proceeding to set aside the final report of an executrix and for the appointment of an administrator *de bonis non,* a failure to make the former executrix a party in her trust capacity constitutes a nonjoinder of parties, which may be questioned by a plea in abatement. p. 273.

3. PLEADING.—*Answer in Abatement.—Nonjoinder.—Sufficiency.*—A plea in abatement, in a proceeding to set aside the final report of an executrix and for the appointment of an administrator *de bonis non,* alleging that the former executrix "was not joined as a party in the proceeding nor served with any notice of summons," is sufficient. p. 273.

4. PLEADING.— *Complaint.— Appointment of Administrator de Bonis non.*—A complaint to set aside the final report of an executrix, for the appointment of an administrator *de bonis non* and to recover taxes upon omitted property, must allege what the omitted property consisted of, that it was subject to taxation and what its fair cash value was, the general allegation of "money loaned and credits" being insufficient. pp. 273, 275.

5. DECEDENTS' ESTATES.—*Final Settlement.—Setting Aside.—Limitations Upon.*—An interested person can have a final settlement of an executor set aside, under §2925 Burns 1908, §2403 R. S. 1881, at any time within three years. p. 274.

6. DECEDENTS' ESTATES.—*Petition for Appointment of Administrator de Bonis non.—Sufficiency.*—A petition for the appointment of an administrator *de bonis non* must allege that there exists certain property of such estate which has not been administered upon, and must set out a description of such property and state the value thereof. p. 275.

From Probate Court of Marion County (4,200); *Merle N. A. Walker,* Judge.

Action by Cyrus J. Clark and another against Caroline Schindler and others. From a judgment for defendants, plaintiffs appeal. *Affirmed.*

*Frank L. Littleton* and *John J. Kelly*, for appellants.
*Thomas A. Daily* and *Elias D. Salsbury*, for appellees.

COMSTOCK, P. J.—On January 15, 1904, appellant, Cyrus J. Clark, filed his petition, in one paragraph, in the court below for the appointment of an administrator *de bonis non* of the estate of Oscar C. Schindler, deceased.

Appellees filed pleas in abatement to said petition for nonjoinder of parties, to which demurrers were overruled. On December 20, 1904, appellant, Cyrus J. Clark, as auditor of Marion county, filed additional second and third paragraphs, to which demurrers for want of facts were sustained, and, said Clark refusing to plead further, judgment was rendered that he take nothing.

The errors assigned call in question the action of the court in overruling the demurrers to the pleas in abatement to the first paragraph of the petition, and in sustaining the demurrers to the second and third paragraphs thereof.

The second and third paragraphs, omitting the title, set out substantially the same facts as are set out in the first paragraph, which alleges in substance, so far as is necessary for the consideration of the questions here presented, the following: That the petitioner, Cyrus J. Clark, is the duly elected and qualified auditor of Marion county; that part of his duties are to correct the tax duplicate, etc.; that Oscar C. Schindler died testate in said county in November, 1899; that at the time of his death, and continuously for more than ten years prior thereto, he was a resident, citizen and taxpayer of said county and of the city of Indianapolis; that at the time of his death, and during all the ten years prior thereto, he was the owner of and possessed of a large amount of personal property, consisting of money on deposit in bank, money loaned, and of rights and credits; that this was unknown to the different assessors, who called upon said Schindler, and upon his guardian and executrix from year to year during said period to assess him and his estate; that for a period of

about two years prior to his death the testator was a person of unsound mind; that in January, 1898, the Indiana Trust Company was duly appointed and qualified as his guardian, and acted as such guardian until its discharge in November, 1899; that on November 20, said Margaret Schindler was appointed and duly qualified as executrix under the last will and testament of the testator; that said Oscar C. Schindler for the years 1893 to 1897, inclusive, said Indiana Trust Company for the years 1898 and 1899, and said Margaret Schindler, executrix, for the year 1900, omitted, refused and neglected to list all of the property of said Schindler and his estate for taxation, but listed only a small portion thereof, although he, his said guardian and executrix were each called on for that purpose on April 1, or between April 1 and June 1 of each of said years, by the proper township assessor of Center township, said county; "that the property so omitted from taxation by said Schindler, his said guardian and executrix consisted of money loaned and credits," and on April 1 of each of said years was of the following amounts, to wit: 1893, $25,000; 1894, $25,000; 1895, $25,000; 1896, $25,000; 1897, $25,000; 1898, $6,250; 1899, $5,300; 1900, $4,800—that all of said property was unknown to the proper taxing officers of said county, and was concealed by said Schindler, his said guardian and executrix, all to the great damage of the taxpayers of said county; that, because of the failure to have said property assessed for taxation, the estate of said Schindler is indebted to the State of Indiana, Marion county, and other municipalities located in said county, in a large sum, to wit, more than $2,500; that Margaret Schindler, after appointment as executrix, did not file any inventory of the personal estate of the testator; that her final report filed on December 22, 1900, showed that she was chargeable as such executrix with the sum of $24,167.66; that she was entitled to a credit of $4,180.02, leaving a balance distributed to her under said will of $19,987.64; that the sum of $1,650 was distributed

by her to the respondent Caroline Schindler, the mother of
Oscar C. Schindler, as heir and in lieu of any other interest
which she had in said estate; that the report was duly ap-
proved by the Marion Circuit Court on January 19, 1901,
and the executrix discharged; that the petitioner has only
recently discovered and received credible information of
the existence of such taxable property of said Oscar C.
Schindler and his said estate, and of said indebtedness for
taxes thereon; that since the discharge of said Margaret
Schindler, as executrix, there has been no administration of
said estate pending in any court of this State; that the re-
spondents have all the money and property left by said
Oscar C. Schindler.

The proceeding under the first paragraph of the petition
is to set aside the final settlement and reopen the estate of
Oscar C. Schindler, deceased, and for the appoint-

1. ment of an administrator *de bonis non*. Provision
is made for such action by §2925 Burns 1908, §2403
R. S. 1881, which expressly provides that "the executor or
administrator of the estate * * * shall be made" a
defendant thereto. Margaret Schindler, as executrix, is not
made a party. Margaret Schindler, as heir, may be the same
person, but they are not sued in the same right, and for the
purposes of this action are different persons. *Kitts* v. *Will-
son* (1894), 140 Ind. 604, 610; *Whisler* v. *Whisler* (1904),
162 Ind. 146; *McBurnie* v. *Seaton* (1887), 111 Ind. 56, 58;
*Van Cott* v. *Prentice* (1887), 104 N. Y. 45, 10 N. E. 257,
262; *Lord* v. *Wilcox* (1885), 99 Ind. 491, 496; *First Nat.
Bank* v. *Shuler* (1897), 153 N. Y. 163, 173, 47 N. E. 262,
60 Am. St. 601, 608; *Landon* v. *Townshend* (1889), 112 N.
Y. 93, 19 N. E. 424, 8 Am. St. 712; *Collins* v. *Hydorn*
(1892), 135 N. Y. 320, 32 N. E. 69, 70; *Bamka* v. *Chicago,
etc., R. Co.* (1895), 61 Minn. 549, 63 N. W. 1116, 52 Am. St.
618, 620; *Sonnenberg* v. *Steinbach* (1897), 9 S. Dak. 518,
70 N. W. 655, 62 Am. St. 885, 886. In the failure to make

the executrix a party there was a nonjoinder of parties. *Boseker* v. *Chamberlain* (1903), 160 Ind. 114; *Bledsoe* v. *Irvin* (1871), 35 Ind. 293, 294. The question may be raised by a plea in abatement. *Boseker* v. *Chamberlain, supra;* 1 Ency. Pl. and Pr., 14.

The plea in abatement alleging that Margaret Schindler was not joined as a party in this proceeding nor served with any notice or summons was sufficient to withstand a demurrer. *Boseker* v. *Chamberlain, supra,* and cases cited.

It is claimed in behalf of appellant that the first paragraph of petition follows, almost word for word, the petition in *Graham* v. *Russell* (1899), 152 Ind. 186, and that it states "facts sufficient for the appointment of an administrator *de bonis non,* even if it should be held not to state facts sufficient to justify setting aside the final settlement of the estate." In said case the omitted property is alleged to have consisted of "money on hand and on deposit in bank, and money loaned, and bonds of said city of Washington, and other obligations, all subject to taxation and held and owned by Graham on the 1st day of April of each of said years." It is averred, also, that "just prior to the first of April of each of the years mentioned he [Graham] would temporarily convert $10,000 and over of his money into greenbacks in order to evade assessment and the payment of taxes thereon, and fraudulently concealed said fact of conversion from the assessor who called upon him to list his property, and fraudulently failed to list or return said amount or any part thereof for taxation;" that at no time during the pendency of said estate in court was there any statement made or filed by said executrix showing the personal property left by the testator. It alleged what steps were taken by the petitioner for examination of the party as to the property that had been omitted, and that

the appellant had refused to be examined. The fair, cash value of the omitted property was also alleged.

The petition before us does not allege that the property "was subject to taxation." No fraud is charged; no attempt is shown to ascertain the amount of the omitted property which is subject to taxation; no value is alleged—the allegation "money loaned and credits" alleged to have been omitted is not sufficient. Said case does not sustain this petition.

The second and third paragraphs of the petition were filed December 20, 1904. It is alleged in each "that said final report of said Margaret Schindler, executrix, was duly approved by the Marion Circuit Court, January 19, 1901, and said executrix was discharged. It thus appears from the petition that it was not filed for more than three years after the executrix was discharged.

Section 2925, *supra*, provides that any person interested in the estate and not appearing at the time of the settlement may have the settlement, or so much thereof as affects him adversely, set aside and the estate reopened by filing his petition therefor within three years from such settlement. This section qualifies a special proceeding granted by statute, and its terms and conditions must be complied with by any one asserting a right under it. 8 Am. and Eng. Ency. Law (2d ed.), 875; *Hanna* v. *Jeffersonville R. Co.* (1869), 32 Ind. 113; *Elliott* v. *Brazil Block Coal Co.* (1900), 25 Ind. App. 592, 597; *Board, etc.,* v. *Jarnecke* (1905), 164 Ind. 658, 664; *Harrison* v. *Stanton* (1896), 146 Ind. 366, 370; *West* v. *State, ex rel.* (1907), 168 Ind. 77; *State, ex rel.,* v. *Board, etc.* (1885), 101 Ind. 69; *In re Ash's Estate* (1902), 202 Pa. St. 422, 51 Atl. 1030, 90 Am. St. 658; *State* v. *Portsmouth Sav. Bank* (1881), 106 Ind. 435, 463; *Stoner* v. *Rice* (1889), 121 Ind. 51, 56, 6 L. R. A. 387; *State* v. *Zanco's Heirs* (1898), 18 Tex. Civ. App. 127, 44 S. W. 527; 26 Am. and Eng. Ency. Law (2d ed.),

485; *State* v. *Butlles's Executor* (1854), 3 Ohio St. 309, 319; 20 Ency. Pl. and Pr., 588; *Attorney-General* v. *Soule* (1873), 28 Mich. 153, 155; *People* v. *Canal Board, etc.* (1874), 55 N. Y. 390, 395; *People, ex rel.,* v. *Campbell* (1898), 156 N. Y. 64, 69, 50 N. E. 417. The action is therefore barred. Margaret Schindler, as executrix, was not made a party until the filing of the second paragraph of the petition.

Neither the second nor third paragraph alleges that the property omitted was subject to taxation. This was a fatal defect. *Parkison* v. *Thompson* (1905), 164 Ind. 609.

4. Nor do either of said paragraphs allege that the omitted property was of any value. The general allegation of "money loaned and credits" is not sufficient. *Florer* v. *Sherwood* (1891), 128 Ind. 495; *Florer* v. *Sheridan* (1894), 137 Ind. 28.

The third paragraph asks only for the appointment of an administrator *de bonis non.* Section 2757 Burns 1908, Acts 1891, p. 107, provides: "Whenever it shall be shown to the satisfaction of any court of probate jurisdiction of this State that the administrator or executor of the estate of any decedent has been finally discharged and that there is no administration of said estate pending in any court of this State, and that there were assets belonging to the estate of said decedent within the jurisdiction of said State that have not been and should be administered," an administrator *de bonis non* may be appointed, etc.

It does not appear that there are assets belonging to the estate of said decedent within the jurisdiction of said State that have not been and should be administered; no property is described in the petition not accounted for in the final report; and there is a failure to allege that the property was subject to taxation and was of any stated value. It is insufficient for the same reason that the first para-

graph was not good for the appointment of an administrator *de bonis non*.

Judgment affirmed.