[No. 3,456.]

## ROBERT STOOPS v. MATT. WOODS.

WHEN FORMER JUDGMENT IS A BAR.—In order to determine whether a judgment rendered in a former suit is a bar in a subsequent suit, inquiry must be made not only whether the former litigation was between the same parties, but also whether they were litigating in the same right or capacity in which they are litigating in the subsequent suit. .

WHEN FORMER JUDGMENT NOT A BAR.—A judgment in favor of the plaintiff, in an action brought by him against a Sheriff for taking goods, and in which the Sheriff justified under an execution in favor of A. and against B., is not a bar in a subsequent suit brought by the same plaintiff against the Sheriff for taking the same goods, and in which the Sheriff justifies under an execution in favor of C. and against B.

WHO JUDGMENT CONCLUDES.—A judgment concludes only the real party in interest.

JUDGMENT IN EVIDENCE AS A BAR.—A judgment between the same nominal parties is not admissible in evidence in a subsequent suit between the same parties by name and concerning the same property, unless the real parties in interest or their privies were the same.

APPEAL from the District Court of the Tenth Judicial District, County of Yuba.

The plaintiff had judgment, and the defendant appealed. The other facts are stated in the opinion.

*S. M. Bliss* and *George Rowe*, for Appellant.

A judgment or decree of a Court of competent jurisdiction, directly on the point, is conclusive between the same

parties, or their privies, on the same matter coming directly in question in another action. (*Blount* v. *Darrach & Bradford*, opinion of the Court by Washington, Judge, in note, Sergeant & Rawles' Reports, 186; 1 Phillips' Ev., 324.)

We admit the jurisdiction of the Court in the former action, and that the property in part in both cases was the same, but we deny that the parties were the same in both actions. We admit that the party plaintiffs in both the above named actions were the same in effect. We also admit that the nominal defendant, Matt. Woods, the Sheriff of Yuba County, was the same in both cases. But we deny that the real defendants in the two cases were the same. We say that in the first action, the one in which Stoops and Wright were plaintiffs and Matt. Woods was the nominal defendant, that Samuel Garber, the plaintiff in the attachment suit against Ada J. Clark, was the real defendant in the action. And we say further, that in this action M. Marcuse, the judgment creditor, on whose judgment against Ada J. Clark the execution was issued by virtue of which the property in controversy was taken by said Woods, as Sheriff, was the real defendant.

The law says, in considering the effect of verdicts and judgments, Courts of justice will always take notice of the real parties to the suit. (1 Phillips' Evidence, 321.)

In an action of ejectment the lessor of the plaintiff and the tenant in possession are judicially considered the real parties.

In a suit against a servant who justified in both actions, under the orders of his master, the master was considered the real party in both actions. (1 Phillips' Evidence, 324.)

A judgment is not to be used as an estoppel against a party who does not stand in the same relation or character as in the former suit. (1 Phillips on Evidence, 323.)

No person can take benefit by a verdict who would not

have been prejudiced by it had it gone contrary. (1 Phillips on Evidence, 327.)

The general rule is that a verdict cannot be evidence for either party in an action against one who was a stranger to the former proceeding, and who had no opportunity to examine witnesses, or to defend himself, or to appeal from the judgment in the first action. (1 Phillips on Evidence, 326.)

The reason why a verdict is not evidence against a person who was neither a party to the former suit nor claims under one of the parties, is because he had no opportunity of calling witnesses, or of cross-examining those on the other side, nor of appealing from the judgment. (1 Phillips on Evidence, 326.)

Under the term "parties" the law includes all who are directly interested in the subject matter, and had a right to make defense or control proceedings and appeal from the judgment. This right involves also the right to adduce testimony and to cross-examine the witnesses on the other side. (1 Greenleaf on Evidence, p. 635, Sec. 523.)

Both the parties must be alike concluded or the proceedings cannot be set up as conclusive upon either. (1 Greenleaf on Evidence, p. 636, Sec. 524.)

By the term "parties" is meant those who are really so in interest, not nominal parties merely. It is because the Courts will always take notice of the real parties in the action without regarding who are the nominal parties. (1 Phillips on Evidence, 324.)

That it has been held that the equitable assignee of a chose in action has been held estopped by a verdict and judgment thereon in the same manner as if he were a party to the record, the suit having been prosecuted in the name of another for his benefit, and at his request and expense. (*Rogers* v. *Haines*, 3 Greenl. Reps. 362; 3 Phillips on Evidence, 812, note 562.)

CAL. REPS. XLV—56

Where the parties are really the same, though not nominally so, the record of a former suit will be admitted in bar of a subsequent action. (3 Phillips on Evidence, 812, note 563, cites *Calhoun's Lessee* v. *Dunning*, 4 Dallas Reps. 120; see *Barley* v. *Fairplay*, 6 Binney's Reps., cited in same note, on the same point.)

See, also, the case of *E. Case* v. *Reeve et al.*, 14 Johnson's N. Y. Reports, 80, which supports the doctrine laid down in *Kinnersly* v. *Orpe*, establishing the doctrine that the party for whose benefit an action is prosecuted or defended is the real party in the case, and that no regard ought to be had to the mere nominal party on the record.

*J. O. Goodwin* and *Vanclief & McCann*, for Respondent.

The sole question of fact in issue, related to the title of certain furniture described in the complaint. Was that furniture the property of the plaintiff, or the property of Ada J. Clark?

Both actions were in substance *ex delicto*. Both charge Matt. Woods, Sheriff, etc., with a wrongful taking of property. In both actions Matt. Woods admits the taking, and attempts, upon precisely the same grounds, to justify the act, but fails, and is adjudged guilty of the wrongful act charged; and if Matt. Woods, Sheriff, etc., was not the real party defendant in both actions, then there was not only no real defendant to those actions, but it must be impossible to make a real party defendant to any action of the same kind, for certainly plaintiff did all in his power, and as much as is in the power of any plaintiff, to make Matt. Woods, Sheriff, etc., a party defendant to those actions.

When the landlord defends an action of ejectment against his tenant, in our practice, without becoming a nominal party defendant, is there any doubt that the tenant is concluded by the judgment? And does it make any difference with him, in this respect, that the landlord is also bound?

Take the case of a warrantee, wherein he calls upon the warrantor to defend his title, are not both concluded by the judgment, though the defense be conducted by the warrantor, who is not a nominal party?

If a Sheriff take property other than that of the defendant named in his writ, he is a trespasser, and the plaintiff in the writ is not bound to indemnify him for a recovery against him for such trespass, except by virtue of a contract to do so, and no such contract will be presumed or implied except from fraud on the part of the plaintiff, and the utmost good faith of the officer; nor is the plaintiff in such case bound to contribute, since no contribution is allowed to co-trespassers. (*St. John* v. *St. John's Church*, 15 Barb. 346.)

And though there be a contract for indemnity, the record in the action of trespass will not be conclusive against the indemnifier unless he had notice and was permitted to defend. (Cowen & Hill's Note 292, to Phillips Ev., fourth American edition, p. 131, et seq.)

The inevitable conclusions from the facts disclosed by the record in this case, and the law applicable, are:

1. That neither Garber, in the former action, nor Marcuse in the present, had such connection or agency in the trespasses of which Woods has been adjudged guilty, as would make either of them liable to indemnify him, or such as would be required to make the record in either case admissible evidence against either of them for any purpose.

2. That even though Garber and Marcuse had respectively agreed, in writing, to indemnify Woods, yet if they had no notice of the actions against him, and took no part in the conduct of the defense, they are not concluded by the records in those actions.

By the Court, WALLACE, C. J.:

This is an action brought by Stoops against Woods, the Sheriff of the County of Yuba, to recover damages for the taking of certain personal property by the latter.

The Sheriff alleged in his defense that the goods taken were not the property of the plaintiff, but of one Ada J. Clark, and thereupon justified the taking under an execution in his hands, issued upon a judgment rendered against the said Ada and in favor of one *Marcuse.* "For the purpose of establishing his right to the property, for the taking of which this action was brought," the plaintiff offered, and against the objections of the defendant, was permitted to give in evidence the judgment roll of a former action, in which the plaintiff Stoops was plaintiff and the defendant Woods was the defendant, and in which action Stoops had recovered judgment against the defendant for a seizure by him of the same goods or a portion of them. In that case, the defendant, as Sheriff, had set up that the goods were of the said Ada Clark, and had sought to justify their taking by virtue of a writ of attachment then in his hands in favor of one *Garber* and against the said Ada. The Court below seemed to have held that the judgment rendered in that case, and put in evidence in this, was not only admissible as evidence, but that it conclusively established the title of the plaintiff for the purposes of this action.

In order to determine if the former judgment can be availed of as a bar in a subsequent suit, we must inquire " whether the former litigation was between the same parties, in the same right or capacity litigating in the subsequent suit," etc. (*Bigelow* v. *Winsor*, 1 Gray, 302.)

Who, then, were the parties in the former action? If this inquiry is to be answered by merely reading the names of the litigants, as written upon the face of the record in each case, it must be admitted that they are the same in

both actions. But when a judgment rendered in a former action is to be availed of to conclude rights asserted in a subsequent action, Courts will look behind the face of the record to ascertain the real parties—*the parties who had a right to control the conduct of the former action,* and who, having been heard or having had the opportunity to be heard, are *therefore* to be concluded by the proceedings. (1 Greenl. Ev., Sec. 535.)

Woods, as being Sheriff, claimed nothing in the former action. The litigation and the judgment in that action concerned only the asserted claim of Garber, as against Stoops, to subject the property to the writ of attachment, the defendant, as Sheriff, being a mere stakeholder in the business and bound to account with the successful party. It was Garber, therefore, who was concluded by the judgment, and no one else. Upon any other rule the absurd consequence would follow that no judgment creditor of Ada Clark could successfully assert a claim by a levy upon this property in the County of Yuba, inasmuch as in any action brought against the Sheriff by Stoops—the alleged fraudulent vendee of Ada—the officer would be concluded by the judgment rendered in the Garber case.

We are of opinion that as to the present controversy the judgment in the former suit was not admissible for the purpose for which it was offered and received by the Court below.

Judgment reversed and cause remanded for a new trial.