TIMOTHY BERNARD *vs.* DENNIS D. MERRILL, and others.

Androscoggin. Opinion February 5, 1898.

*Parent and Child. Guardian. Judgment. Exceptions. New Trial. Negligence.*

A father is the natural guardian of his infant children and is, therefore, the proper person to conduct litigation in their behalf, and to control the same as next friend, unless his interests be hostile or he be guilty of some default or neglect.

Any judgment that he may procure belongs to the child, and it is doubtful if he can discharge the same, as that is the duty of a legal guardian.

In law, a father, is a different person individually than when acting for the child and in its stead; and any judgment against him while so acting concludes the rights of the child only, and not those of the father.

*Held;* that a judgment in favor of the defendants against the child previously recovered by them on the same facts is no bar to an action for the same injury brought by the father subsequently.

Exceptions will not be sustained for refusing to give the jury requested instructions when it appears that they were fully given in the charge.

A new trial will not be granted when the evidence is conflicting and peculiarly within the province of a jury to consider, and their verdict cannot be said to be erroneous.

ON MOTION AND EXCEPTIONS BY DEFENDANTS.

This was an action of tort for loss of services of the plaintiff's minor daughter alleged to have been injured by the defendants' negligence in setting her at work on a machine claimed to be dangerous, without having been instructed by the defendants as to its dangerous character. The defendants pleaded the general issue and brief statement as follows: That this suit ought not to be further prosecuted against them because they say that heretofore the plaintiff in his capacity as next friend to Florence K. Bernard, the person in this suit alleged to have been injured by the fault of the defendants, sued out a writ against them returnable to this court wherein the same negligence and none other was charged against them as in this suit; that he conducted said suit and on the thirtieth day of April, A. D. 1896, on issue duly joined, a verdict was rendered against the plaintiff and judgment was duly rendered thereon May 9, 1896, in favor of them the said defendants, which said judgment remains in full force and not reversed or annulled, etc.

The presiding justice ruled, that the facts set out in the brief statement (which were admitted by the plaintiff) would not be a bar to the present suit.

The defendants also requested the presiding justice to give to the jury certain instructions, and which he declined to do.

These requested instructions are stated in the opinion.

To these rulings and instructions and refusal to instruct, the defendants took exceptions.

Verdict for plaintiff for $612.50.

*D. J. McGillicuddy and F. A. Morey*, for plaintiff.

*Tascus Atwood*, for defendants.

One who though not a party defends or prosecutes an action by employing counsel, paying costs, and by doing those things which are usually done by a party, is bound by the judgment rendered therein. *Stoddard* v. *Thompson*, 31 Iowa, 80.

Says PETERS, J., in *Lander* v. *Arno*, 65 Maine, p. 29: "The general rule is, that a person cannot be bound by a judgment, when he is not a party thereto, unless he had a right to appear and take

part in the trial, and control or help control the proceedings and appeal from the verdict or decree obtained therein."

Tested by the rule above quoted, this plaintiff should be held to be a party and be concluded by the first verdict and not be allowed another "run for luck." Our court is on record to the effect that the rule, that "estoppels must be mutual" shall no longer be a criterion in determining whether or not a former judgment is a bar. *Atkinson* v. *White*, 60 Maine, 396.

The father besides conducting prior suit and being the party as tested by above law was in fact the party in interest. It is his duty to support his minor daughter and therefore any money she might have obtained would benefit him directly.

There are many cases where a person though not a nominal party to the suit shall yet be concluded by it because he has in fact taken the management of the cause. *Jackson* v. *Griswold*, 4 Hill, 530.

If the issue settled by prior judgment was essential in second suit, judgment conclusive. Sections 534, 535 Greenl. Ev.; *Lovejoy* v. *Murray*, 3 Wall. 1; *Robbins* v. *Chicago*, 4 Wall. 657.

Contributory Negligence:—Wood, M. & S. §§ 328, 372–3, 382 and 402; *Nagle* v. *Alleghany Valley R. R. Co.*, 88 Pa. St. 35; *Tucker* v. *N. Y. Cent. & H. R. R. Co.*, 124 N. Y. 308; *Ludwig* v. *Pillsbury*, 35 Minn. 256; *Reynolds* v. *N. Y. Cent. & H. R. R. Co.*, 58 N. Y. 248; *Atlas Engine Works* v. *Randall*, 100 Ind. 293; *Tinkham* v. *Sawyer*, 153 Mass. 485, and cases cited; *Pratt* v. *Prouty*, Id. 333; *Crowley* v. *Pacific Mills*, 148 Mass. 228.

Counsel also cited:—*Wormell* v. *Me. Cent. R. R. Co.*, 79 Maine, 397; *Roberts* v. *B. & M. R. R.* 83 Maine, p. 304; *Shanny* v. *Androscoggin Mills*, 66 Maine, p. 42.

SITTING:  PETERS, C. J., FOSTER, HASKELL, WISWELL, SAVAGE, JJ.

HASKELL, J.  This is an action by a father for loss of service of his child, an infant, from an injury suffered by the child in the employ of defendant occasioned by his negligence.

The defendant pleaded in bar of the action a judgment in his favor in a suit by the child for the same injury, which was prosecuted by the father as next friend. The bar was overruled below and the defendant has exception.

It is contended that the prosecution of the child's suit by the father comes within the rule given in *Lander* v. *Arno*, 65 Maine, 29, "that a person cannot ,be bound by a judgment when he is not a party thereto, unless he had a right to appear and take part in the trial, and control or help control the proceeding and appeal from the verdict or decree obtained therein," or, as said by Bigelow, 99, "assumed such right."

The father is the natural guardian of his infant children. It is for him to consider in what way they should be maintained and educated, and to judge what is for their benefit both as regards their persons and estates. He is, therefore, the proper person to conduct litigation in their behalf, and to control the same as next friend, unless his interests be hostile or he be guilty of some default or neglect. *Woolf* v. *Pemberton*, L. R. 6 Ch. Div. 19; *Rue* v. *Meirs*, 43 N. J. Eq. 377.

The next friend, although not liable for costs in this state, *Leavitt* v. *Bangor*, 41 Maine, 458; *Soule* v. *Winslow*, 64 Maine, 518; *Sanford* v. *Phillips*, 68 Maine, 431, may control the prosecution of the suit. Even should the infant employ counsel, who procures the suit dismissed, the entry would be void, because the infant could not appear by attorney as the employment would be null. *Wainwright* v. *Wilkinson*, 62 Md. 146.

The doctrine of these authorities gives a father, except for cause, the right as next friend to control the litigation of his infant children. No matter whether he does or no, he has the right to. Does this right so far make him a party to the suit as to personally bind him by the result? This right, while a personal one, is to be exercised for the child. The suit is the child's suit. Damages recovered belong to the child. It is doubtful if the father, who prosecutes as next friend can discharge the judgment, as it is said his authority is only commensurate with the writ. *Miles* v. *Boyden*, 3 Pick, 219; *Linton* v. *Walker*, 8 Fla. 144; *Perry* v. *Carmichael*,

95 Ill. 519; *Clark* v. *Smith*, 13 S. Car. 585; *Jackson* v. *Combs*, 7 Cow. 36; *Rotheram* v. *Fanshaw*, 3 Atk. 628; *Tripp* v. *Gifford*, 155 Mass. 108; *Johnson* v. *Waterhouse*, 152 Mass. 585. He, in law, is a different person individually than when acting for the child and in its stead, although his right to so act flows from the parental relation. He cannot individually have the fruit of the litigation, although indirectly he may be benefited thereby. The authorities sustain this view. In *Marshall* v. *Rough*, 2 Bibb, 628, a judgment against a man individually concerning the title to land was held no bar to a subsequent suit for the same land by infants prosecuted by him as guardian and next friend. In *Leavitt* v. *Bangor*, supra, it is held that the next friend, who prosecutes the suit, was not a party so as to exclude his wife as a competent witness for the plaintiff.

The rule is very neatly stated by Quain, J. in *Leggott* v. *Grt. Northern Railway Co.*, 1 Q. B. Div. 606: "It must be observed that a verdict against a man suing in one capacity will not estop him when he sues in another distinct capacity, and, in fact, is a different person in law." There, an administratrix sued under Lord Campbell's Act and recovered 500 £ damages for the family of the intestate who lost his life from the fault of defendant. Afterwards she sued for damages resulting to his estate from the same injury, and invoked the former judgment as an estoppel on defendant to deny its liability. The court held no estoppel. That is the reverse of the case at bar, but in principle exactly applies. If the plaintiff be estopped, had he recovered in the former action for the infant, the defendants would now be estopped to deny liability for the injury, for estoppels must be mutual, as a rule. But the doctrine of *Leggott* v. *Railway*, supra, forbids such an estoppel.

Estoppels arise between the same parties when litigating the same subject matter in a subsequent suit in the same right or capacity, and not otherwise. *Stoops* v. *Woods*, 45 Cal. 439; *Bigelow* v. *Winsor*, 1 Gray, 299; *Bartlett* v. *Boston Gas Light Co.*, 122 Mass. 209; *Lord* v. *Wilcox*, 99 Ind. 491; *Rathbone* v. *Hooney*, 58. N. Y. 463.

A good example of estoppel upon persons not parties is found in *Landis* v. *Hamilton*, 77 Mo. 554; *Stoddard* v. *Thompson*, 31 Iowa, 80; *Lovejoy* v. *Murray*, 3 Wall. 1; *Atkinson* v. *White*, 60 Maine, 396.

In *Corcoran* v. *Canal Co.*, 94 U. S. 741, the plaintiff, as the owner of certain bonds secured with others by mortgage to himself as a trustee, was held estopped by judgment to which he was a party as trustee, because he there, as trustee, represented himself as a bondholder. He became bound in common with other bondholders. This case, therefore, is not authority against the doctrine of this opinion. The plaintiff may well maintain his present action. *Wilton* v. *Middlesex Railroad Co.*, 125 Mass. 130.

The defendants have another exception to the refusal of the court below to give a certain requested instruction.

The main issue before the jury was whether the plaintiff's minor child received a personal injury while at work in defendant's laundry wholly from their negligence. She injured her hand in a mangle, and defendants contended, and there is evidence tending to prove their contention, that they had forbidden her to work at the mangle. The presiding justice, at the close of the charge, was requested to instruct the jury that "if they find as matter of fact that Mr. Merrill (one of defendants) forbade her feeding the mangle, it wasn't necessary for him to stop and explain its dangers; that if she returned to the mangle after being expressly forbidden, she took her own chances of injury and would be remediless in a suit by any one in her behalf." The instruction was refused, the court remarking, "I think I have covered all the ground I care to in that matter."

Upon that point, the court, after thoroughly charging upon all other issues in the case, said to the jury: "If you find that the defendants were not negligent, under the rules I have given you, or that Florence (the plaintiff's child) was there (at the mangle) without direction or permission or assent of the defendants, or if you find that she was there with full knowledge from any source of the danger of the machine so that she was properly and fully instructed, or that the accident happened from her own inatten-

tion and carelessness, on either of these grounds your verdict will be for defendant." This instruction fully covered the instruction requested, and need not have been repeated.

The evidence was conflicting and peculiarly within the province of a jury to consider, and their verdict cannot be said to have been erroneous.

*Motion and exceptions overruled.*