## GUMIENNY *v.* HESS.

1. PARENT AND CHILD—TORTIOUS INJURY TO CHILD—ACTIONS.
    If an infant is wrongfully injured, two distinct causes of action accrue, one in favor of the parents for loss of services and expenses incurred and another to the infant for the other elements of damage from personal injuries including impaired earning capacity after reaching majority.

2. JUDGMENT—PARENT AND CHILD—INJURY TO CHILD—RES JUDICATA—EVIDENCE.
    Judgment in action by parent or child for wrongful injury to latter is not *res judicata* or a bar in action by the other and a parent, merely because he acted as next friend, guardian *ad litem* or guardian, is not bound by the judgment in the child's

action except where he has permitted the child to recover or litigate the right to damages which would otherwise belong to him, nor is such a judgment evidence in his behalf in his own action.

3. SAME—PARTIES—PRIVIES.

A plaintiff who was not a party or a privy to a former judgment must prove every essential allegation of the declaration as if the previous suit had not been brought.

4. PARENT AND CHILD—JUDGMENT—JOINT TORTFEASORS—RES JUDICATA.

In action by parent against one of two joint tortfeasors for wrongful injuries to his minor son, defense of *res judicata* because of former action brought on behalf of injured son against both tortfeasors is not open to defendant in parent's subsequent action to recover for loss of services, earnings and medical expenses occasioned by the injuries to the son as there must be not only identity in subject-matter, cause of action and parties, but also in the quality of the person for or against whom the claim is made to have the former adjudication operate as a bar in the subsequent action.

5. SAME—INJURY TO CHILD—SEPARATE AND DISTINCT CAUSES OF ACTIONS.

A parent's cause of action for wrongful injuries to his child is not a derivative cause of action to that of the child against the tortfeasor but the causes of action are separate and distinct.

Appeal from Wayne; Nicol (Henry G.), J. Submitted April 8, 1938. (Docket No. 59, Calendar No. 39,843.) Decided June 30, 1938.

Case by Peter Gumienny against Edwin J. Hess and Carl T. Hess, doing business as Hess Cartage Company, and City of Detroit (Department of Street Railways) for medical expenses and loss of services of his son. Verdict and judgment for plaintiff. Defendants Hess appeal. Affirmed.

*Ralph S. Moore,* for plaintiff.

*Ernest P. LaJoie,* for defendants.

CHANDLER, J. Appellants, Edwin J. and Carl T. Hess, copartners doing business as the Hess Cartage Company, urge that the judgment secured by Sophia Gumienny as next friend of Anthony Gumienny, a minor, against the City of Detroit, Department of Street Railways, in which the said copartners were joined as alleged joint tortfeasors, is conclusive of the question of liability and precludes any recovery against said Hess Cartage Company in this action brought by Anthony's father for his consequential damages suffered by reason of the injury to his son. It is their contention that the father of an injured child has but a derivative right of action, and of necessity can have no greater rights than the child himself; that the prior suit of the minor by his next friend judicially determined that the negligence of the City of Detroit, Department of Street Railways, was the sole cause of the injuries to plaintiff's son; that the son could look only to the City of Detroit, Department of Street Railways, for his damages, and that the father, who has no greater rights than the son from whom he derived his right of action, must look to the same source to recover his consequential damages.

In support of the judgment returned in his favor in the trial court, appellee relies principally upon the case of *Laskowski* v. *People's Ice Co.,* 203 Mich. 186 (2 A. L. R. 586), and argues for the application of the doctrine that judgments and decrees are conclusive evidence of facts only as between parties and privies to the litigation. Since plaintiff, Peter Gumienny, was neither a party nor a privy to the action brought on behalf of his son, and since the issues involved herein are not the same as in the prior action, appellee contends that the argument of *res judicata* does not apply.

In the *Laskowski Case,* a married woman recovered a judgment for personal injuries. Thereupon, her husband brought an action to recover consequential damages of the same defendant. On the question of the negligence of the defendant and the contributory negligence of the wife, the court charged the jury that they "must find that the defendant ice company was guilty of negligence as charged, and that the plaintiff's wife, Anna Laskowski, was free from contributory negligence. The only questions, therefore, for your consideration, are whether or not the plaintiff has sustained damage, loss and damage, as a proximate result of the injuries to his wife, Anna Laskowski, sustained through the accident; and if you find that he has, then the only remaining question is for you to determine the amount of the damage."

This instruction was held clearly to be wrong since the husband was not a party or a privy to the action brought by the wife in her own behalf. The same theory, namely, that causes of action accruing to the husband and wife by reason of a tortious wrong to the latter are separate and distinct and neither may be pleaded in bar of the other, is present in the parent and child relationship.

The general rule is well stated in 1 Freeman on Judgments (5th Ed.), § 481, as follows:

"If an infant is wrongfully injured, two distinct causes of action accrue, one in favor of the parents for loss of services and expenses incurred and another to the infant for the other elements of damage from personal injuries including impaired earning capacity after reaching majority. In such case a judgment in action by one is not *res judicata* or a bar in action by the other. The parent is not bound by the judgment in the child's action merely because he

acted as next friend, guardian *ad litem* or guardian, except where he has permitted the child to recover or litigate the right to damages which would otherwise belong to him, nor is such a judgment evidence in his behalf in his own action."

The rule expressed above finds ample support in the adjudicated cases. In *Guy* v. *Lumber Co.*, 93 Tenn. 213 (23 S. W. 972), a father brought an action as next friend of his minor son to recover damages for personal injuries suffered while in defendant's employ. The father had been defeated in a prior action against the same defendant to recover consequential damages, and in affirming that verdict the appellate court adjudged that the boy had been working for an independent contractor. Likewise, in the subsequent suit by the father as next friend of his minor son, the defendant alleged that the boy was not in their employ, but was engaged by an independent contractor, and "in support of that defense, the defendant was permitted, over the objection of the plaintiff, to produce in evidence a copy of the judgment of this court in the former case. Upon no ground was that judgment competent or admissible as evidence in this case. It would have been competent and admissible as a matter of estoppel on a plea of *res judicata,* in an action between the same parties, and about the same subject-matter, but it was not so in this case."

A question similar to the one in the instant case arose in *Hooper* v. *Railway Co.*, 112 Ga. 96 (37 S. E. 165), where an action was brought by the father for the loss of his minor son's services and for medical expenses. The father, as next friend, had already recovered in an action brought on behalf of his son, and offered that record and judgment as conclusive of everything in plaintiff's suit except the value of

his son's services.  The court refused to permit this evidence and judgment was returned in favor of the defendant and the application of the doctrine of *res judicata* was denied upon the following reasoning:

"The same jury might have consistently found liability of the railroad company for injuries to the boy who was hurt, for the reason they might have concluded that the evidence tended to show he was in the exercise of all ordinary care and diligence in trying to cross the bridge.  But when they came to consider the case of the father we cannot say that there was not evidence from which they might have reached a different conclusion, and found no liability of the defendant to him; it being insisted on the part of the defendant that he was precluded from recovering on account of his negligence in permitting his minor son to drive across a bridge which he claimed to be dangerous, when the father who was present, had opportunity of doing the driving himself, with less danger of injury, on account of his experience and superior strength and skill."

In *McGreevey* v. *Railway Co.,* 232 Mass. 347 (122 N. E. 278), it is said:

"The father's right of action was not in any just sense consequential upon that of the son.  It was independent of his right and was based upon the father's personal loss.  The son's action was for the pain and suffering caused by the injury and for the loss of wages or diminution of earning capacity after he became of full age.  *King* v. *Viscoloid Co.,* 219 Mass. 420, 422 (106 N. E. 988, Ann. Cas. 1916D, 1170).  The rights of each although springing from the same wrong are independent, and the judgment in the son's case is no bar to the maintenance of the present action.  *Wilton* v. *Railroad Co.,* 125 Mass. 130.  It follows, that in order to recover, the plaintiff who was not a party or a privy to the former

judgment must prove every essential allegation of the declaration as if the son's suit had not been brought, or was pending for trial."

The parties were not the same in this action, and the father was not permitted to urge that a former action brought on behalf of his injured son was *res judicata* of the question of defendant's negligence in a subsequent action to recover for the loss of the services, earnings and medical expenses occasioned by the son's injuries.

To support the argument of *res judicata,*

"There must be not only identity in subject-matter, cause of action and parties, but also in the quality of the person for or against whom the claim is made. All others are strangers to the litigation. The plaintiff here is not suing in the same capacity as was the plaintiff in the former action. There the son was the real plaintiff, the father a mere nominal plaintiff. Persons who are mere nominal and not the real parties are not bound." *Henry* v. *Railway Co.,* 98 Kan. 567 (158 Pac. 857, Ann. Cas. 1918E, 1094).

If the causes of action were simply derivative and constituted a bar upon the facts which were determined in the suit which was tried first, there would be no reason why the record and judgment of the prior suit should not be introduced in evidence in the later proceedings. The courts, however, refuse to permit this upon the theory that the causes of action are separate and distinct and as such must rest upon their own foundations. The same conclusion has been reached even though the minor who was injured was denied recovery.

In the case of *Bernard* v. *Merrill,* 91 Me. 358 (40 Atl. 136), an action was brought by the father for the loss of the services of his child by reason of an

injury suffered by the child while in the employ of the defendants. The defendants pleaded in bar a judgment in their favor in a suit by the child for the same injury, which was prosecuted by the father as next friend. The lower court overruled this defense and the defendants appealed from an adverse judgment. On appeal the judgment was affirmed, and the court said:

"Estoppels arise between the same parties when litigating the same subject-matter in a subsequent suit in the same right or capacity, and not otherwise. * * *

"The evidence was conflicting, and peculiarly within the province of a jury to consider, and their verdict cannot be said to have been erroneous."

The same result was reached in *Malsky* v. *Schumacher & Ettlinger,* 7 Misc. 8 (27 N. Y. Supp. 331). There the father had recovered a judgment for loss of the services and earnings of his son by reason of the accident complained of in these proceedings brought in the name of the minor. An attempt was made to introduce the judgment roll in the father's action, but was denied. This action of the trial court was affirmed on appeal, and the rule was reiterated as follows:

"There can be no estoppel unless there is privity of property, parties, estate or heirship between the plaintiff and his father as to this cause of action. * * * Here there was no such privity."

A consideration of the cases relied upon by appellants reveal that most of them differ in material respects from that of the instant case.

The case of *Good Health Dairy Products Corp.* v. *Emery,* 275 N. Y. 14 (9 N. E. [2d] 758, 112 A. L. R. 401), recognizes the rule that where the issue in the

second action differs in any way from that in the prior action, the plea of *res judicata* is not available. The court points out that under the motor vehicle statute of New York the liability of an owner of an automobile is purely derivative and dependent upon the negligence of the operator of the car. Hence, the court concludes that if in a prior action it is determined that the operator is not negligent, the owner may plead *res judicata* in a subsequent action which involves the same issue, namely, the negligence of the operator. The court further points out that though the owner was not bound by the judgment entered in the prior suit, this is not sufficient to allow the plaintiffs to litigate anew the precise questions which were decided against them in a case in which they were parties, and places the suit in the category of exceptions to the rule of mutuality deemed necessary for the plea of *res judicata.*

In the case at bar, the causes of action are separate and distinct, and the issues involved are different.

In *Blue Valley Creamery Co.* v. *Cronimus,* 270 Ky. 496 (110 S. W. [2d] 286), the court held that since the parties involved and the subject-matter in dispute were identical, at least by agency-privity, a plea of *res judicata* would be entertained.

In *Central of Georgia R. Co.* v. *Robins,* 209 Ala. 12 (95 South. 370), plaintiff had brought an action as next friend against the defendant to recover for injuries to his minor son, 15 years of age, on defendant's turntable. In that case it was held that the contributory negligence of the boy, whose age took him out of the doctrine of the turntable cases applicable to a child of tender years, barred recovery. In a subsequent action, it was held that the conclusion of the prior case precluded recovery of any conse-

quential damages the father had suffered by reason of the injury to his son. We think it can fairly be said that the court based its decision upon the theory that the negligence of the son was imputed to the father. In the instant case the question of contributory negligence on the part of Anthony Gumienny was not raised.

The cases of *Lundergan* v. *Railroad Co.*, 203 Mass. 460 (89 N. E. 625); *Thompson* v. *United Laboratories Co.*, 221 Mass. 276 (108 N. E. 1042); *Regan* v. *Superb Theatre, Inc.*, 220 Mass. 259 (107 N. E. 984); *Hall* v. *Royce*, 109 Vt. 99 (192 Atl. 193); *Chelefou* v. *Springfield Institution for Savings*, — Mass. — (8 N. E. [2d] 769), involved situations where the two actions were tried together.

*Giedrewicz* v. *Donovan*, 277 Mass. 563 (179 N. E. 246), involved a master and servant relationship.

It is our conclusion that the judgment secured against the City of Detroit, Department of Street Railways, by Anthony Gumienny, by his next friend, is not *res judicata* in this subsequent proceeding by the father to recover consequential damages which arose by reason of the injury to his son.

Judgment affirmed, with costs to appellee.

WIEST, C. J., and BUTZEL, BUSHNELL, SHARPE, POTTER, NORTH, and McALLISTER, JJ., concurred.