Leland Ray HUFFT, a Minor, By and Through His Next Friend, Helen Hufft Browning, Plaintiff (Appellant),

v.

Will KUHN, Defendant (Respondent).

No. 44621.

Supreme Court of Missouri.

Division No. 1.

March 14, 1955.

Modified on Court's Own Motion and Motion for Rehearing or to Transfer to Court en Banc Denied April 11, 1955.

Fields & Low, John A. Honssinger, John F. Low, Lebanon, for appellant.

J. W. Grossenheider, Lebanon, for respondent.

HOLMAN, Special Judge.

Plaintiff (appellant), Leland Ray Hufft, filed this suit seeking to recover $15,000 for personal injuries sustained in an automobile collision. He was riding as a guest in a car driven by his uncle, Willard Hufft, which collided with an automobile driven by defendant (respondent), Will Kuhn, at the intersection of State Highway 64 by-pass and North Adams Street in Lebanon, Missouri. Nine jurors returned a verdict for plaintiff in the sum of $1,000. Plaintiff filed a motion for a new trial complaining of the gross inadequacy of the verdict. This motion having been overruled, the plaintiff appealed.

The only point briefed by plaintiff is that the small amount of the verdict was induced by the passion and prejudice of the jury against him and hence he is entitled to a new trial on the issue of damages. However, in his brief, he goes further and points out certain alleged errors which, he claims, had a tendency to bring about the prejudice which resulted in the verdict of which he complains.

It is now settled that a verdict will be set aside as inadequate for the same reasons that justify setting aside an excessive

verdict. If it is so grossly inadequate as to indicate that it resulted from passion and prejudice, it was the duty of the trial court to set it aside. Grodsky v. Consolidated Bag Co., 324 Mo. 1067, 26 S.W.2d 618; Strange v. Ardison, Mo.App., 65 S.W.2d 115.

In considering this issue, we review the evidence in the light most favorable to the verdict and recognize that the trial court is vested with a broad discretionary power to set aside verdicts it deems inadequate. We will not interfere unless the abuse of that discretion appears manifest. Kelly v. Columbia Box Co., Mo.Sup., 248 S.W. 589.

At the time plaintiff was injured he was six years old and was attending the first grade of school. Before the accident he was active, healthy, happy and normal in every way. Immediately after the collision, which occurred on November 10, 1952, plaintiff was taken to the hospital. His physician, Dr. Paul Jenkins, testified that he was suffering from multiple lacerations about his face and head, had two fractured ribs, a ruptured spleen and was in a state of extreme shock. He was dangerously ill and it appeared to the physician throughout the first day that plaintiff would likely die. After receiving injections of glucose and blood transfusions, plaintiff was operated upon for removal of his ruptured spleen, thus stopping the internal hemorrhage caused thereby. It also required eight sutures to close the three main cuts upon plaintiff's face.

As a result of the injury and subsequent operation, plaintiff's condition was further complicated by pneumonia which developed on the right side. He required oxygen at intervals following the surgery. Dr. Jenkins further testified that, as a result of the injuries and operation, the boy suffered acute, severe pain which continued for a period of time thereafter.

After 14 days, plaintiff was able to leave the hospital but was not permitted to return to school until after the Christmas holidays.

The physician testified that, as a result of the injuries and operation, plaintiff was very nervous, fearful, became tired easily, was somewhat lifeless and had developed a mild state of anxiety. It was his opinion that the boy would partially recover from this condition within two or three years, but that to some extent his condition would be permanent. Two of the cuts on plaintiff's face left permanent noticeable scars. One was on the forehead running down through his left eyebrow and on to the left part of the lid. The hair will not grow back into the eyebrow and cover that portion of the scar. The other scar was in the center of the right cheek.

Plaintiff's mother, Helen Browning, testified that before the injuries plaintiff was a normal, active child, but that since his release from the hospital he is nervous, tense, inactive and is so tired when he comes home from school that he wants to go to bed immediately. He is restless, suffers from stomach cramps and wakes up in the night crying. His uncle, Willard Hufft, testified to substantially the same effect.

Plaintiff's parents were divorced some time before the accident. The father obtained the custody of the boy. Thereafter the father died and a dispute arose between the mother and the paternal grandparents of plaintiff as to his custody. The circuit court decreed that each should have the custody of the child for six months during the year. In his cross-examination of Dr. Jenkins, defendant sought to prove that plaintiff's nervousness resulted from that condition of divided custody rather than from the injuries. In this effort defendant failed. The doctor gave it as his opinion that such would not cause the boy to become nervous but, on the contrary, the fact that he had two homes where he was wanted and could be cared for would give him an added sense of security.

Defendant offered no witnesses to disprove the evidence of plaintiff as to his injuries, or to minimize his condition as a result thereof. It should be noted, however, that from the medical testimony, it appears that the spleen performs no useful function and is not a necessary organ for the well-being of a normal person.

It is not disputed that medical and hospital expenses were incurred in the total reasonable amount of $777.60. At the time of the trial, these had not been paid. The recovery of these expenses was sought by appropriate allegations in the petition, the items were proved by the evidence and submitted to the jury, as a proper element of recovery, in the instruction on damages. Defendant made no objection to the allegations and proof concerning these items.

■ When an infant is wrongfully injured, two distinct causes of action accrue —one to the infant for the elements of damage from personal injury and another in favor of the parent for certain items, including medical expenses. Plaintiff's mother as his sole living parent, had a cause of action for recovery of the items of medical expense. She was not a party to this suit individually but did act as the next friend of her son in the prosecution of same. The question presents itself as to whether this issue can be litigated in this action so as to bar the mother from recovery of these expenses in a subsequent suit. Our research indicates that the applicable rule is that where a parent acts as next friend of the infant and permits the child to recover items of damage which would otherwise belong to the parent, the parent is bound by the judgment and is barred from recovery of such items in a subsequent action. Scanlon v. Kansas City, 325 Mo. 125, 28 S.W.2d 84; Ruocco v. Logiocco, 104 Conn. 585, 134 A. 73; Gumienny v. Hess, 285 Mich. 411, 280 N.W. 809.

It has been necessary for us to decide the question raised in the preceding paragraph in order to determine the issue of the claimed inadequacy of the verdict. Since there has been a valid adjudication of the issue for recovery of medical expense, and as there was no dispute about the reasonable amount thereof, it appears clear that the sum of $777.60 went into and became a part of the verdict returned in favor of plaintiff. When this amount is deducted from the amount of the verdict, it is evident that the jury allowed the plaintiff $222.40 as compensation for his injuries.

In order to arrive at a verdict for plaintiff in any amount, the jury must have found that plaintiff's injuries resulted from defendant's negligence. In this situation, it was the jury's duty to award plaintiff damages commensurate with the nature and extent of his injuries. This, we have concluded, the jury failed to do.

■ The facts relating to the plaintiff's injuries have already been summarized and we need not extend this opinion by a restatement or discussion thereof. We will merely point out that an allowance of $222.-40 is wholly inadequate to compensate for the intense suffering endured by plaintiff, the obvious facial disfigurement and the permanent effect of these injuries upon his body, mind and nervous system. The amount is such as to shock the understanding and induce the conviction that the award was the result of passion and prejudice. Craton v. Huntzinger, Mo.Sup., 187 S.W. 48; Ulrich v. Kiefer, Mo.App., 90 S.W.2d 140; Strange v. Ardison, supra; Grodsky v. Consolidated Bag Co., supra; Kelly v. Columbia Box Co., supra. In this situation we conclude that the trial court abused its discretion in refusing to set aside the verdict. This is particularly true when we consider that the decreased purchasing power of the compensation awarded plaintiff is also a proper factor to be taken into consideration. Belding v. St. Louis Public Service Co., 358 Mo. 491, 215 S.W.2d 506.

The conclusion we have reached makes it unnecessary to consider the points briefed by plaintiff as to alleged errors in the trial which, he contends, caused the jury to become prejudiced against him. Since we have found that the verdict was inadequate, the reasons which may have motivated the jury become immaterial.

■ Plaintiff contends that the new trial should be limited to the issue of damages only. We have carefully examined the transcript and have concluded that the issue relating to liability was fully developed and fairly tried. The error requiring reversal affects only the issue as to the amount of damages. In this situation, there seems to

be no occasion for casting upon the trial court and the parties the burden of a retrial of an issue which has been properly tried and which is clearly separable from the issue as to the amount of damages. Section 512.160 RSMo 1949, V.A.M.S.; Spalding v. Robertson, 357 Mo. 37, 206 S.W.2d 517; Lilly v. Boswell, 362 Mo. 444, 242 S.W.2d 73; Borgstede v. G. H. Wetterau & Sons Grocery Co., Mo.App., 116 S.W.2d 179.

The judgment is reversed and the cause remanded with directions to retry only the issue as to the amount of damages.

DALTON, P. J., and WESTHUES and HOLLINGSWORTH, JJ., concur.

HYDE, J., concurs.