Dora SOVE, Plaintiff-Appellant,

v.

William Otis SMITH, Frank Miller, Rose Miller, Vincent Mancinelli and J. Mancinelli Excavating Company, a Michigan corporation, jointly and severally, Defendants-Appellees.

No. 14857.

United States Court of Appeals
Sixth Circuit.

Dec. 27, 1962.

**6**

John Safran, Detroit, Mich. (Wood & Wood, John Safran, Detroit, Mich., on the brief), for appellant.

Lawrence A. Bohall, Detroit, Mich., for Mancinelli.

Daniel Zolkower, Detroit, Mich., for Smith and Miller.

Cary, BeGole & Martin, Detroit, Mich., on the brief for Mancinelli.

Willans, Frisbee & Ryal, Detroit, Mich., on the brief for Smith and Miller.

Before MILLER, Circuit Judge, O'SULLIVAN, Circuit Judge, and DARR, Senior District Judge.

DARR, Senior District Judge.

■ This appeal involves the making of a judgment on whether a wife has a separate and independent action for loss of consortium; on whether the prior judgment in the husband's suit for bodily injuries works a collateral estoppel for the wife to maintain such a separate and independent action; and on whether the wife was required to be a party in the husband's damage suit under Rule 19, Federal Rules of Civil Procedure.

The jurisdiction is by diversity of citizenship and the tort out of which the claim arose occurred in the State of Michigan. Therefore, Michigan law will guide the decision, except as to the applicability of Rule 19 Federal Rules of Civil Procedure.

Charles Sove, the husband of Dora Sove, heretofore sued the defendants-appellees, William Otis Smith, Frank Miller, Rose Miller, Vincent Mancinelli and J. Mancinelli Excavating Company, to recover damages for injuries received in an automobile accident occurring on February 14, 1959, and after trial the jury returned a verdict in favor of the husband, Charles Sove, against William Otis Smith, Frank Miller and Rose Miller in the amount of $25,000.00 and a verdict for not a cause of action as to the other defendants-appellees. A judgment was entered to conform with the jury verdict.

In this case plaintiff-appellant, as the wife of Charles Sove, instituted suit against the defendants-appellees seeking loss of consortium by reason of the injury received by her husband in the very accident in which he, Charles Sove, instituted suit and obtained judgment as above recited.

The District Judge, without filing an opinion, sustained motions for summary

judgments, dismissed the action and entered a judgment accordingly. Mrs. Sove appealed to this Court.

■ The defendants-appellees, Vincent Mancinelli and J. Mancinelli Excavating Company, concede that, under Michigan law, the plaintiff-appellant has a separate and independent right of action for loss of consortium. The other defendants-appellees contest this question.

We conclude that a wife has a right for separate action for loss of consortium under Michigan law. The Supreme Court of Michigan, in the case of Montgomery v. Stephan, reported in 359 Mich. 33, 101 N.W.2d 227, appears to definitely settle the question in this case. Justice Smith forcibly blasts away the older cases in Michigan, as well as elsewhere, which had gone with the common law denying the wife the right of consortium. The opinion points out that the wife's hurt is separate and independent of the husband's injuries whereby she can maintain an action for loss of consortium. Sufficient to quote are the first and last sentences of the opinion:

"The action before us is brought by a wife.

\*  \*  \*  \*  \*  \*

"We conclude that the wife before us has pleaded a cause of action."

See, also, to the same effect, Burns v. Van Laan, 367 Mich. 485, 116 N.W.2d 873.

■ It is claimed that plaintiff-appellant is collaterally estopped from seeking damages for loss of consortium because of the litigation in the husband's case and the judgment rendered on the verdict.

Mrs. Sove was not a party in her husband's litigation. As she has a separate and independent claim for her loss of consortium, she could not possibly have been in privity with her husband for his claim for bodily injuries. Her legal right is entirely distinct from that of her husband's legal right. Collateral estoppel cannot prevent Mrs. Sove from maintaining this action. Laskowski v. People's Ice Co., 203 Mich. 186, 168 N.W. 940, 2 A.

L.R. 586; Gumienny v. Hess, 285 Mich. 411, 280 N.W. 809.

■ For exactly the same reasons, the plaintiff-appellant was not an indispensable or necessary party whereby she was required to join in her husband's suit under the provisions of Rule 19, Federal Rules of Civil Procedure.

It is as clear as rain that one cannot solely own a cause of action and at the same time in the same cause of action be in privity with another or have a joint interest with another. Mr. Sove was the sole owner of his cause of action for *his* personal injuries. Mrs. Sove is the sole owner of her cause of action for *her* loss of consortium. Neither have privity nor a joint interest in the others cause of action.

The plaintiff-appellant, Mrs. Sove, is entitled to a trial to make effort to set up the alleged personal wrong done her and offer proof of the amount of her loss.

The judgment of the District Court is reversed and the cause remanded for trial in accord with the provisions announced in this opinion.