**WESTERN AUTO SUPPLY CO., Plaintiff,**

v.

**NOBLEX ADVERTISING, INC., et al. Defendants.**

**Civil No. 95–2279(SEC).**

United States District Court, D. Puerto Rico.

May 15, 1997.

Jorge Segurola, Goldman, Antonetti & Cordova, San Juan, PR, for Plaintiff.

John M. García–Nokonechna, García & Fernández Law Offices, Hato Rey, PR, for Defendants.

## OPINION AND ORDER

CASELLAS, District Judge.

Pending before the Court is a motion to dismiss for failure to join an indispensable party filed by defendant Noblex Advertising, Inc. (**Docket # 49**). Upon careful review of the applicable law, defendant's motion is **DENIED.**

### Factual Background

Plaintiff Western Auto Supply Company ("WASC") filed the present complaint on October 17, 1995 seeking compensation for breach of contract, misappropriation of monies and damages to its goodwill and reputation due to defendants' actions and/or omissions. According to plaintiff, WASC is a corporation organized under the laws of Delaware with its principal place of business in Kansas City, Missouri. Defendant Noblex Advertising, Inc. ("Noblex") is a corporation organized under the laws of the Commonwealth of Puerto Rico, with its principal place of business in San Juan, Puerto Rico. Defen-

dant Guillermo Schenquerman ("Schenquerman") is a citizen and resident of Puerto Rico.

According to James J. Poplinger, Senior Associate Counsel for WASC, codefendants Noblex and Schenquerman entered into a contractual agreement with WASC to act as advertising agency for plaintiff. WASC's subsidiary, Western Auto of Puerto Rico ("WAPR") was not a party in the advertising agreement between WASC and Noblex. (Docket # 53, Exhibit A, James J. Poplinger's Unsworn Declaration under Penalty of Perjury) Noblex and Schenquerman's primary duty was to place WASC's advertisement campaign with the eligible media channels and to disburse funds to those channels to pay for such advertising services. Defendants charged WASC in advance for the costs of the services outlined above. From these funds, defendants were supposed to pay the media channels, while retaining a commission.

After termination of its business relationship with defendants, plaintiff became aware that the media channels were owed approximately $585,350.00 up to August of 1995. Plaintiff learned through its new advertising agency that allegedly its good name and goodwill had been sullied by codefendants Noblex and/or Schenquerman. Due to the substantial advertising debts owed to them, WLII–TV and WAPA–TV cancelled WASC's advertisement campaign during the month of August 1995. Pursuant to these events, plaintiff filed the present action.

Defendant Noblex has now filed a motion to dismiss pursuant to Fed.R.Civ.P. 19 claiming that the action should be dismissed for failure to join WAPR as an indispensable party,

According to defendant, WAPR is a wholly-owned subsidiary of WASC, authorized to do business in Puerto Rico. In essence, defendant claims that the nonparty WAPR is the real party in interest, who has suffered the greater degree of harm. Defendant argues that WAPR derived the main benefits from the contract in dispute, since the advertising campaign was designed to influence Puerto Rican customers to purchase goods from Western Auto of Puerto Rico, Inc., not

from the parent company in Delaware. Moreover, WAPR is the entity who would suffer the greatest amount of harm vis-a-vis its goodwill and business reputation. Accordingly, defendant notes that any legal proceedings and eventual judgment without the intervention of WAPR would be inadequate, inefficient and unfair. Defendant adds that joinder of WAPR would destroy diversity jurisdiction in the present case. However, since WASC could obtain adequate relief for its claims in a court of the Commonwealth of Puerto Rico, and the dispute involves interpretation of Puerto Rican law, defendant argues that adjudication of the entire controversy would be more appropriate in the Commonwealth legal forum. We disagree, for the reasons expounded below.

### Rule 19/Indispensable Party

■ It is well settled law that the party moving for dismissal for failure to join an indispensable party must show the need to join the absent party. *McCann v. Ruiz,* 788 F.Supp. 109, 121 (D.P.R.1992).

We must engage in an analysis pursuant to Rule 19 to determine whether WAPR is an indispensable party, and if so, whether the unfeasibleness of its joinder counsels the dismissal of the above captioned case. The First Circuit has provided us with a cogent explanation of the appropriate "indispensable party" analysis under Rule 19 in *Pujol v. Shearson/American Express, Inc.,* 877 F.2d 132 (1st Cir.1989). We will cite generously from this opinion to guide our Rule 19 inquiry.

The Court explained in *Pujol:* "Rule 19(b), which governs indispensable parties, works in two steps. Step one requires the district court to decide whether a person fits the definition of those who should "be joined if feasible" under Rule 19(a). That is to say, is the person (what used to be called) a "necessary" party? *See Provident Tradesmens Bank v. Patterson,* 390 U.S. 102, 118, 88 S.Ct. 733, 742, 19 L.Ed.2d 936 (1968)." Id. at 134.

Federal Rule of Civil Procedure 19(a) requires the Court to join a person in the legal proceeding, when feasible, if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. Fed.R.Civ.P. 19(a).

According to the First Circuit, once the Court determines that the person under scrutiny is a necessary party (i.e. fits the definition of 19(a), but joinder is not feasible) the court must inquire further. "It must decide, using four "factors," whether "in equity and good conscience the action should proceed among the parties before it, or should be dismissed." That is to say, is the party "indispensable?" " *Pujol,* 877 F.2d at 134. Pursuant to Rule 19(b),

> The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder. Fed.R.Civ.P. 19(b).

In *Provident Tradesmens Bank & Trust Co. v. Patterson,* 390 U.S. 102, 108–111, 88 S.Ct. 733, 737–39, 19 L.Ed.2d 936 (1968), the Supreme Court explained the interests promoted by these four criteria as (1) the interest of the outsider whom it would have been desirable to join; (2) the defendant's interest in avoiding multiple litigation, inconsistent relief, or sole responsibility for a liability it shares with another; (3) the interest of the courts and the public in complete, consistent and efficient settlement of controversies; and (4) the plaintiff's interest in having a forum. *See also H.D. Corp. of Puerto Rico v. Ford Motor Co.,* 791 F.2d 987 (1st Cir.1986).

Furthermore, the First Circuit has stressed that Courts, upon applying Rule 19,

"must keep in mind the fact that this Rule aims to achieve a practical objective ... Rule 19 ... aims 'to achieve judicial economies of scale by resolving related issues in a single lawsuit,' while at the same time preventing 'the single lawsuit from becoming fruitlessly complex or unending'... Friedenthal, Kane & Miller, *Civil Procedure* 336 (1985) ('The basic objective underlying all claim and party joinder rules is rendering complete justice with as little litigation as possible.')" *Pujol,* 877 F.2d at 134.

The Court adds that such Rule 19 "gestalt" analysis, while somewhat ambiguous and tailored to the idiosyncracies of each case, must be driven by the preeminent considerations of efficiency and fairness. The Court in *Pujol* noted:

> Thus, when applying Rule 19(a), a court essentially will decide whether considerations of **efficiency and fairness,** growing out of the particular circumstances of the case, require that a particular person be joined as a party. **When applying Rule 19(b), the court will ask whether it is so important, in terms of efficiency or fairness, to join this person, that in the person's absence, the suit should not go forward at all.** *See Provident Bank,* 390 U.S. at 119, 88 S.Ct. at 743 ... (the decision whether to dismiss under Rule 19(b) "must be based on factors varying with the different cases, some such factors being substantive, some procedural, some compelling in themselves, and some subject to balancing against opposing interests"); *Acton Co., Inc. of Massachusetts v. Bachman Foods, Inc.,* 668 F.2d 76, 78 (1st Cir.1982) (Rule 19 "**furthers several related policies, including the public interest in preventing multiple and repetitive litigation, the interest of the present parties in obtaining complete relief in a single action, and the interest of absentees in avoiding**" prejudice); Notes of Advisory Committee on Rule 19 ("persons materially

interested in the subject of an action ... should be joined as parties so that they may be heard and a complete disposition made. **When this comprehensive joinder cannot be accomplished ... the case should be examined pragmatically and a choice made"** between proceeding in their absence and dismissing the case*);* Friedenthal, Kane & Miller, supra at 335 (Rule 19 must be viewed in terms of a "continuum of interests" and demands a "flexible case-by-case analysis ...)" Id. at 134–135. (Emphasis added)

### Application of Rule 19(a)

With all this in mind, we proceed to engage in the two-step analysis, pursuant to Rule 19(a) and (b).[1]

▮ Rule 19(a)(1) counsels against dismissal in the present case. The Court concludes that complete relief could be accorded among those already parties even in the absence of WAPR. WAPR is not a necessary party, because different persons can file suit in different courts when their causes of action arise out of the same incident, since each has an independent cause of action. Wright, Miller & Kane, *Federal Practice and Procedure,* Civil 2d § 1623, p. 349. Accordingly, complete relief may be awarded to plaintiff WASC at the federal proceeding for its own damages independent of any damages caused to WAPR.

Rule 19(a)(2), also counsels for the exercise of federal jurisdiction. Plaintiff argues, and this Court agrees, that the absence of WAPR from this litigation will not impair or otherwise impede the nonparty's ability to protect its interest in claiming damages for its tarnished commercial reputation in a subsequent action. Most importantly, at the present time WAPR is not claiming an interest related to the subject of the action, and thus is not so situated that the disposition of the action in its absence would create a substantial risk of multiple and/or inconsistent obli-

---

1. Wright and Miller note: "There is no precise formula for determining whether a particular nonparty must be joined under Rule 19(a). The decision has to be made in terms of the general policies of avoiding multiple litigation, providing the parties with complete and effective relief in a single action, and protecting the absent persons from the possible prejudicial effect of deciding the case without them. Account also must be taken of whether other alternatives are available to the litigants. By its very nature Rule 19(a) calls for determinations that are heavily influenced by the facts and circumstances of individual cases ..." Id. at § 1604, p. 40.

gations upon defendants. We note that there is no pending litigation in the Commonwealth forum relating to the same claims. Accordingly, at the present time defendants cannot argue that WAPR has a substantial interest related to the controversy at hand. As for the risk of multiple or inconsistent obligations upon defendants, the mere abstract possibility of future litigation by WAPR in a court of the Commonwealth is not sufficient to make WAPR a "necessary party." [2]

Accordingly, we find that WAPR is not a necessary party, pursuant to Rule 19(a). However, even assuming *arguendo* that WAPR was a necessary party, and that joinder is not feasible, since joining it would destroy diversity jurisdiction, the gestalt analysis prescribed by Rule 19(b) would compel us to rule that "in equity and good conscience the action should proceed among the parties" before the Court. Fed.R.Civ.P. 19(b).

**Rule 19(b) Application of Gestalt Factors to Determine Whether Dismissal is Proper**

■ We must engage in this analysis pursuant to the abovementioned factors which comprise Rule 19(b). Most importantly, we emphasize the case-by-case nature of this analysis.

**a) Degree of Prejudice To Nonparty or Those Already Parties by Judgment Rendered in the Nonparty's Absence**

The Court notes that a judgment rendered in favor of defendants in the present case would not create significant prejudice to WAPR, since a judgment in the present case would not bind the nonparty. *See Harris v. Illinois–California Express, Inc.*, 687 F.2d 1361 (10th Cir.1982); *Sove v. Smith*, 311 F.2d 5 (6th Cir.1962). Furthermore, a judgment against plaintiff WASC would not be inher-

ently unfair, since it had an opportunity to fully and fairly litigate its claims against the purported tortfeasors. Finally, although a favorable verdict for defendants would not preclude future litigation by WAPR against defendants Noblex and Schenquerman, such abstract possibility does not constitute substantial prejudice upon defendants. Accordingly, the degree of prejudice upon the parties and nonparties by a judgment rendered in the absence of WAPR is negligible.

**b) Extent to Which, by Protective Provisions in the Judgment, by the Shaping of Relief, or Other Measures, the Prejudice can be Lessened or Avoided**

This factor also militates in favor of retaining jurisdiction. The two alleged joint tortfeasors in the present controversy have already been included in the present controversy, so a judgment entered against defendants would adequately compensate plaintiff. Conversely, an unfavorable judgment against plaintiff would create no discernible injustice, since plaintiff could not allege the absence of any potential defendants upon which liability could be imposed. Although there is a possibility that a judgment against defendants could have a possible res judicata effect in a subsequent claim by WAPR against defendants in the Commonwealth Court, such abstract possibility is not sufficient to deter the prosecution of the present action.[3]

**c) Adequacy of Judgment Rendered in the Person's Absence**

The third factor counsels against dismissal of the federal action, since plaintiff WASC could obtain an adequate verdict against defendants in the federal proceedings. Since the two parties that share liability in this case have been joined as defendants, there is little prejudice for plaintiff, who may recover from each tortfeasor. The defendants do not

---

2. The possibility of multiple litigation and the ramifications thereof do not of themselves warrant dismissal of the action. *See Liberty Mutual Ins. Co. v. Price,* 48 F.R.D. 1 (D.C.Ohio 1969); Wright and Miller also note that for purposes of analysis pursuant to 19(a)(2), "[t]he key is whether the possibility of being subject to multiple obligations is real; an unsubstantiated or speculative risk will not satisfy the Rule 19(a) criteria."

Wright, Miller & Kane, Federal Practice and Procedure, § 1604, p. 62.

3. This assessment may be different if there was at the present time parallel litigation in the Commonwealth of Puerto Rico regarding the same facts and the same claims. However, neither party has suggested the existence of such litigation, and the record does not indicate such fact.

argue, nor have they presented any evidence to suggest that there is an absent party who should be joined as defendant. Moreover, the rights of WAPR are not affected by this Court's judgment, since it could always file its own independent cause of action against defendants. There being no possibility of incomplete relief for the plaintiff in the present case, and no evidence of any additional potential tortfeasors, this factor counsels denial of the motion to dismiss.

**d) Whether the Plaintiff Will Have an Adequate Remedy if the Action is Dismissed for Nonjoinder.**

Plaintiff WASC acknowledges that it may have an adequate remedy in the Commonwealth courts of the Commonwealth of Puerto Rico. However, this is not a case where another party has already initiated an action in a Commonwealth Court pursuant to the same claim, in which case joinder in the local proceeding would be both convenient, efficient and appropriate. Dismissal of the present action based on the availability of relief in the Commonwealth forum would require the commencement of an entirely new judicial process on the exact same claim. We note that plaintiff filed this action on October 17, 1995, and the parties have actively engaged in discovery for over a year and a half. We decline to nonchalantly discard all this expenditure of legal effort and judicial resources, like flotsam after a shipwrecking storm. The Court finds that, taking into account the paramount principles of fairness and efficiency that propel our Rule 19 analysis, plaintiff . WASC should continue litigating his claim in this forum.[4]

Pursuant to the abovementioned discussion, defendant's motion to dismiss pursuant to Fed.R.Civ.P. 19 is hereby **DENIED.**

**SO ORDERED.**

---

4. The philosophy of Rule 19 is to avoid dismissal whenever possible. *Heath v. Aspen Skiing Corp.,* 325 F.Supp. 223 (D.C.Colo.1971).